## FISHER *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[App. No. 56, September Term, 1960.]

*Decided March 20, 1961.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-COTT, HORNEY and MARBURY, JJ.

PRESCOTT, J., delivered the opinion of the Court.

This is an application for leave to appeal under the P.C.-P.A., Code (1960 Supp.), Article 27, Sections 645A-645J.

The applicant was convicted of armed robbery by the Circuit Court for Anne Arundel County, and sentenced therefor.

He was represented by court-appointed counsel at his post conviction hearing. Although numerous contentions are made in the petition, they may be summarized as follows: (1) that the State's evidence was insufficient to support a conviction; (2) that certain of the evidence offered at his original trial was inadmissible; (3) that petitioner was not confronted by his accusers; (4) that he was "deprived of his constitutional rights"; and (5) that the trial court "knew and used perjured testimony to convict him."

For the reasons given in the opinion of Judge Evans, contentions (1), (2), (3) and (4) are insufficient to form a basis upon which to grant relief to the applicant in a proceeding of this nature.

With reference to contention (5), his only allegation is that the indictment charged him with robbing the prosecuting witness of "thirty dollars and some cents," while the prosecuting witness testified at the trial that he was robbed of forty dollars. The contention is so frivolous that it warrants no extended consideration. It is obvious that a difference between an allegation in an indictment as to the amount of money alleged to have been taken in a robbery and the testimony of the prosecuting witness as to the amount of money taken from him does not establish that the witness committed perjury—the difference may have resulted from error committed by the Grand Jury, or the witness correcting a mistake in his testimony before the Grand Jury, etc. In addition, the *amount* of money taken from a victim in a robbery is not an essential element of the offense, so long as something of value is taken. In any event, his allegation falls far short of showing that the trial court or any other State official, knowingly, used perjured testimony to support the applicant's conviction.

*Application denied.*