ROBERT LEE SMITHSON *v.* STATE
OF MARYLAND

[No. 1, September Term, 1968.]

*Decided November 15, 1968.*

The cause was argued before MURPHY, C.J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Earl E. Manges* for appellant.

*Thomas N. Biddison, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Donald W. Mason, State's Attorney for Allegany County,* and *Paul J. Stakem, Assistant State's Attorney for Allegany County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Robert Lee Smithson, the appellant, was convicted of armed robbery by a jury in the Circuit Court for Allegany County. He was sentenced to a term of ten years to run concurrently with a sentence of ten years for larceny of an automobile. He was tried jointly with John David Lease and John Leroy Beeman. Prior to the trial, the defendant moved for a separate trial in accordance with Maryland Rule 735 which the trial judge denied. Although none of the three defendants testified, the confession of John David Lease was introduced into evidence, implicating Smithson in the larceny of an automobile soon after the crime of robbery had been committed. The statement was relevant to the present conviction only in that it placed the three defendants together near the scene of the robbery at or about the time that crime was committed. In accordance with the Supreme Court ruling in *Delli Paoli v. United States,* 352 U. S. 232, 77 S. Ct. 294, 1 L.Ed.2d 278 the trial court issued a precautionary instruction to the jury stating that Lease's confession could be considered only in the determination of his guilt and not that of the two co-defendants.

Subsequent to the trial of this case below the Supreme Court of the United States in *Bruton v. United States,* 391 U. S. 123, 88 S. Ct. 1620, 20 L.Ed.2d 476 overruled *Delli Paoli, supra,* and it held that in a joint trial the introduction of an extra-

judicial statement of one co-defendant implicating another violates the right of the other to have the witnesses confront him as secured by the Sixth Amendment of the Constitution of the United States, quoting *Pointer v. Texas*, 380 U. S. 400, 85 S. Ct. 1065, 13 L.Ed.2d 923 that the " 'major reason underlying the constitutional confrontation rule is to give a defendant charged with crime an opportunity to cross examine the witnesses against him' ". The Court specifically ruled that the precautionary instruction approved in *Delli Paoli, supra* would not cure the constitutional error.[1]

In a subsequent case *Roberts v. Russell*, 392 U. S. 293, 88 S. Ct. 1921, 20 L.Ed.2d 1100 the Court pointed out that the Confrontation Clause of the Sixth Amendment had been made

---

1. "Not every admission of inadmissible hearsay or other evidence can be considered to be reversible error unavoidable through limiting instructions; instances occur in almost every trial where inadmissible evidence creeps in, usually inadvertently. 'A defendant is entitled to a fair trial, but not a perfect one'. *Lutwak v. United States*, 344 U. S. 604, 619, 73 S. Ct. 481, 490, 97 L. Ed. 593; see *Hopt v. People of Utah*, 120 U. S. 430, 438, 7 S. Ct. 614, 617, 30 L. Ed. 708; cf. Fed. Rule Crim. Proc. 52 (a). It is not unreasonable to conclude that in many such cases the jury can and will follow the trial judge's instructions to disregard such information. Nevertheless, as was recognized in *Jackson v. Denno, supra,* there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored. Compare *Hopt v. People of Utah, supra; Throckmorton v. Holt*, 180 U. S. 552, 567, 21 S. Ct. 474, 480, 45 L. Ed. 663; *Mora v. United States*, 5 Cir., 190 F. 2d 749; *Holt v. United States*, 10 Cir., 94 F. 2d 90. Such a context is presented here, where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial. Not only are the incriminations devastating to the defendant but their credibility is inevitably suspect, a fact recognized when accomplices do take the stand and the jury is instructed to weigh their testimony carefully given the recognized motivation to shift blame onto others. The unreliability of such evidence is intolerably compounded when the alleged accomplice, as here, does not testify and cannot be tested by cross-examination. It was against such threats to a fair trial that the Confrontation Clause was directed. *Pointer v. State of Texas, supra.*" *Bruton, supra,* at 88 S. Ct. at 1627.

applicable to the states by the Fourteenth Amendment, and it held that *Bruton, supra* was completely retroactive.

The State attempts to distinguish *Bruton, supra* by the argument that since Smithson endorsed the confession of Lease with a statement he concurred therein, *Bruton, supra* would not be applicable. We do not think that this fact overcomes the basic objection that the accused in this appeal was convicted in part by a witness who did not testify and who was never subjected to cross-examination. We do not think that police officers can be permitted to avoid the effect of *Bruton* by the simple expedient of having each accused concur in what the other admitted.

In effect the State's argument is that on this factual situation we can apply *Chapman v. California,* 386 U. S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705 and declare our belief beyond a reasonable doubt that the error was harmless. That opinion, however, indicated that some constitutional rights were so basic to a fair trial that their infraction can never be treated as harmless error. In footnote 8 the Court in *Chapman, supra* referred to three of these rights as follows:

> "**8** See, e.g., *Payne v. State of Arkansas,* 356 U. S. 560, 78 S. Ct. 844, 2 L.Ed.2d 975 (coerced confession); *Gideon v. Wainwright,* 372 U. S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799 (right to counsel); *Tumey v. State of Ohio,* 273 U. S. 510, 47 S. Ct. 437, 71 L. Ed. 749 (impartial judge)."

These cases have been held to be completely retroactive. See discussions in *Linkletter v. Walker,* 381 U. S. 618, 85 S. Ct. 1731, 14 L.Ed.2d 601, *Johnson v. New Jersey,* 384 U. S. 719, 86 S. Ct. 1772, 16 L.Ed.2d 882. When the Court in *Roberts v. Russell, supra* held *Bruton, supra* to be in the same category, we think it may also have held that the harmless error rule was not applicable when a confession or statement of a co-defendant which implicates the other, was introduced at a joint trial. This indication is buttressed in the *Bruton* opinion [2] when it com-

---

2. Mr. Justice White dissenting in *Bruton, supra,* 88 S. Ct. at 1629 said of the majority opinion:

"It would apparently also reverse every other case where

pares the principle of *Bruton* to the principle of *Jackson v. Denno,* 378 U. S. 368, 84 S. Ct. 1774, 1780, 12 L.Ed.2d 908 in which case the Court said:

> "It is now axiomatic that a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession, *Rogers v. Richmond,* 365 U. S. 534, 81 S. Ct. 735, 5 L.Ed.2d 760, and even though there is ample evidence aside from the confession to support the conviction."

While the rule may well be as we have stated that some constitutional errors can never be harmless we do not base our decision to reverse on such a rigid rule. The Court in *Chapman* stated that it was restating the harmless error rule it had applied in *Fahy v. State of Connecticut,* 375 U. S. 85, 84 S. Ct. 229, 11 L.Ed.2d 171, wherein the Court at 84 S. Ct. at 230 stated:

> "We are not concerned here with whether there was sufficient evidence on which the petitioner could have been convicted without the evidence complained of. The question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction."

When the co-defendant's out of court statement placed Smithson near the scene of the crime, at or about the time the crime was committed it is difficult for us to find beyond a reasonable doubt that this evidence did not in any way contribute to the conviction, even though there was other ample evidence to support the conviction.[3]

---

a court admits a codefendant's confession implicating a defendant, regardless of cautionary instructions and regardless of the circumstances. I dissent from this excessively rigid rule."

**3.** The question of the application of the *Chapman* harmless error rule to *Bruton, supra* has been considered in two recent cases. In *Johnson v. Yeager,* (3rd Cir. 8/23/68) 3 CrL 2481 the Court found

Smithson raises three other points which require little discussion. He contends it was error to admit his confession of a different crime, but it is a familiar principle that evidence of other crimes can be admitted when the evidence serves to identify the accused with the crime charged. *Thomas v. State,* 3 Md. App. 708, 240 A. 2d 646. He contends that it was an error to admit into evidence a Norelco razor found in a suitcase at the time of his legal arrest. The razor was identified as the one taken in the robbery. Under these circumstances all that is required to admit an exhibit is reasonable probability of connection with the defendant, *Veihmeyer v. State,* 3 Md. App. 702, 240 A. 2d 649. The claim of insufficiency of the evidence can be disposed of by pointing to the testimony of the victim who described the robbery and identified the defendant. The weight of the evidence is for the trier of the fact, *Gibson v. State,* 4 Md. App. 222, 242 A. 2d 204.

> *Judgment reversed and case remanded for a new trial.*

that the error was not harmless. In *People v. DeVine,* (Queens County Sup. Ct. N.Y. 9/25/68) 4 CrL 2029 the Court found the error to be harmless.