DAVID ROSCOE RICHARDSON AND RAYMOND CHARLES THOMAS *v.* STATE OF MARYLAND

[No. 356, September Term, 1968.]

*Decided June 30, 1969.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Tucker R. Dearing* for appellants.

*James L. Bundy, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, John C. Hancock, State's Attorney for Charles County,* and *Louis P. Jenkins, Assistant State's Attorney for Charles County,* on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

The appellants, David Roscoe Richardson and Raymond Charles Thomas, were convicted of assault with intent to murder and attempted robbery with a dangerous and deadly weapon in the Circuit Court for Charles County by Judge Roscoe H. Parker sitting without a jury. Each was sentenced to concurrent 15 year terms under the jurisdiction of the Department of Correction.

Upon this appeal the following questions are raised by appellants.

1. Whether the lower court erred in permitting certain witnesses to testify?
2. Whether the in-court identification of appellants was unconstitutionally tainted because of an alleged prior lineup?
3. Whether the lower court erred in admitting into evidence a certain extrajudicial statement of Aubrey Richardson?

In brief, the facts of this case are that on December 30, 1967 at about 10:00 p.m. two men entered the Drive-In Liquor Store near Faulkner, Maryland. At that time

Mrs. Lee Levin, the proprietor of the store, her son, Irving Levin, and her grandson, Steve Sherman, were the only other persons present in the store. The two men allegedly attempted to rob Mrs. Levin at gunpoint. Irving Levin and Steve Sherman prevented one of the men, Aubrey Richardson, from leaving the store. The other man escaped through a back door. Irving Levin ran outside and, in an exchange of gunfire with a third man in an automobile, was wounded in the head. Deputies from the county sheriff's office quickly arrived at the store and Aubrey Richardson was placed in the custody of Deputy Sheriff Charles L. Thompson. In response to Deputy Thompson's questions Aubrey Richardson described a certain automobile. Shortly thereafter that automobile was stopped and the passengers in it—appellants Raymond Thomas and David Richardson, and one Betty Sue White—were arrested.

I

Aubrey Richardson, appellant David Richardson, appellant Thomas, and Betty Sue White were indicted together, but Aubrey Richardson and Betty Sue White were each tried separately while appellants David Richardson and Thomas had a joint trial. Aubrey Richardson was tried two days prior to trial in the instant case. Although Aubrey Richardson's counsel requested at that trial that all witnesses be excluded from the courtroom, some of the witnesses remained in the courtroom after they had testified. The same witnesses who testified in the trial of Aubrey Richardson were to testify, and did testify, in the trial of the appellants. Immediately prior to trial in the instant case, appellant David Richardson's counsel moved to dismiss the indictment on the ground that the State's witnesses, with the exception of Mrs. Lee Levin, had remained in the courtroom after testifying in the trial of Aubrey Richardson. That motion was denied. During the appellants' trial no objection was made on this ground to any witness testifying, although defense counsel did attempt, unsuccessfully, to question three witnesses as to whether they had remained in the courtroom after having testified at Aubrey Richardson's trial.

The appellants contend that the trial court erred in permitting the witnesses who had not obeyed the sequestration order in the Aubrey Richardson trial to testify in the present case.

It appears patent to the Court that the purpose of a motion to dismiss the indictment is to object to defects in the institution of the prosecution or in the indictment and that it is not a proper vehicle for testing the admissibility of testimonial evidence at the pending trial. See Maryland Rules 725 and 522 d2. Thus it was not error for the lower court to deny the motion to dismiss.

No objection was made at trial to the admission of any witness' testimony on the grounds here involved. Maryland Rule 522 d2 not having been complied with, there is nothing for us to review. See Maryland Rule 1085.

## II

The appellants and Betty Sue White were arrested shortly after 10:00 p.m. and were taken to the sheriff's office. Mrs. Lee Levin, Irving Levin, and Steve Sherman also went to the sheriff's office to engage in filling out certain reports dealing with the crimes. The appellants and Betty Sue White were seated in one room while Deputy Sheriff Charles Thompson typed "jail cards" for them. Lee and Irving Levin and Steve Sherman were in another, apparently adjoining, room. These latter persons could see the former through an open door or doors between the rooms. The Levins and Steve Sherman were not requested to identify the appellants at that time nor did they identify them at that time.

At trial the appellants were identified as having been involved in the crime. No objection was offered to any in-court identification at the time such identification was made. At the conclusion of the State's case objection was offered to the identification by the Levins and Steve Sherman on the ground that it was the product of a lineup conducted without benefit of counsel. The objection was overruled on the ground that there was no lineup conducted.

In a procedurally similar situation this Court, in *Thompson v. State,* 6 Md. App. 50, 54 (1969), stated:

> "It is, of course, clear that objection to an in-court identification may be waived by failing to object thereto at the time the evidence is offered. *Boswell v. State,* 5 Md. App. 571; *Rodgers v. State,* 4 Md. App. 407; *Bork v. State,* 4 Md. App. 404; Maryland Rules 522 d2 and 725 f."

While it appears that the lower court committed no error in overruling appellants' untimely objection to the in-court identification, we rest our conclusion that appellants' contention is lacking in substance on the additional ground that there was in fact no pretrial lineup identification made of appellants. With nothing in the record to indicate the duration of whatever view the witnesses had of the appellants, and the record containing undisputed testimony by the witnesses that no identification was made or attempted at the sheriff's office, we think there can be no question of a pretrial lineup identification tainting the in-court identification.

### III

At trial Deputy Sheriff Charles L. Thompson testified that when he arrived at the Drive-In Liquor Store and took custody of Aubrey Richardson, he placed him in the patrol car. He then questioned Aubrey Richardson, who stated that "the color of the car was yellow, [and] it had D. C. registration on it . . ." A short time later, Deputy Sheriff Thompson and Aubrey Richardson proceeded to the Fairway Bar in Bel Alton, Md., which is several miles from Faulkner, Md. Upon arriving at the Fairway Bar, Deputy Thompson observed a yellow Ford convertible with a white top, bearing D. C. tags. He asked Aubrey Richardson, "Is that the car?" Aubrey Richardson replied, "Yeah, I believe so." The appellants, both of whom were in the Ford, were then taken from the car and handcuffed. The appellants objected to Deputy Thompson testifying as to what Aubrey Richardson had said to him. The objections were overruled.

Deputy Sheriff Jameson, Deputy Sheriff Wood, Deputy Sheriff Fuller, and Irving Levin (the victim of the assault and the son of the victim of the attempted robbery) also testified to the events leading up to the arrest and to such facts as the description of the car and who was in the car. There was also clear identification of the appellants at trial, as noted in part II of the opinion, *supra*.

Appellant David Richardson testified in his defense and admitted that he was driving a 1966 Ford convertible, that he pulled in at the Drive-In Liquor Store, that some shooting occurred, that he then drove the car to the Fairway Bar and that he was in the car when he was arrested.

Appellant Raymond Thomas testified in his defense and admitted that he was in the car that David Richardson was driving, that he was in the car when Richardson pulled in at the Drive-In Liquor Store, that he left the car and went into the store, that he later ran out of the store and re-entered the car, that David Richardson then drove to the Fairway Bar, and that he was in the Richardson car when arrested.

Aubrey Richardson was not called as a witness by either side, and did not testify at this trial.

The appellants complain on appeal that Deputy Thompson's testimony as to what Aubrey Richardson said was hearsay and violated their rights to due process of law.

Upon consideration of the testimony as evidentiary error because of its alleged hearsay character, we find no reversible error. The alleged hearsay concerned only the description and identification of the car in which the appellants were riding. The same matter was testified to not only by the various Deputy Sheriffs mentioned above, but was also admitted by each of the appellants. The alleged hearsay was thus clearly cumulative, and under our State evidentiary rules was harmless error. See *Sparkman v. State*, 3 Md. App. 527 (1968) ; *Lewis v. State*, 2 Md. App. 318 (1967).

We next consider the admission of the testimony as constitutional error. We have assumed for purposes of this appeal that the testimony complained of was hearsay and was not within any exception to the rule against hearsay.

It is clear from the record that at no time, either prior to trial nor at trial, were the appellants afforded an opportunity to cross examine Aubrey Richardson; yet the testimony as to Aubrey Richardson's statements was offered at trial on the issue of the appellants' guilt.[1] Under *Pointer v. Texas,* 380 U. S. 400 (1965) and in light of footnotes 3 and 12 [2] of *Bruton v. United States,* 391 U. S. 123 (1968), the admission of the testimony would seem to be erroneous because of the lack of confrontation by the appellants of Aubrey Richardson.

Although admission of the testimony be error, we are convinced that under the circumstances present in this case the error was harmless within the meaning of *Chapman v. California,* 386 U. S. 18 (1967) and *Harrington v. California,* 37 U.S.L.W. 4472 (U. S. June 2, 1969).[3]

---

1. It is rather clear from the record that, although the statements complained of are contained in a narrative describing the events leading to the appellants' arrest, the statements were not offered for the purpose of showing probable cause since no issue was raised at trial by the appellants concerning the validity of the arrest.

2. Footnote 3 reads in part, "We emphasize that the hearsay statement inculpating petitioner was clearly inadmissible against him under traditional rules of evidence . . ." Footnote 12 reads in part, "The reason for excluding this evidence as an *evidentiary* matter also requires its exclusion as a *constitutional* matter." (emphasis in original). *Bruton v. United States,* 391 U. S. 123, 128 n. 3, 136 n. 12 (1968).

3. In dealing with the harmless error doctrine in the context of an alleged violation of rights secured by the Federal Constitution we must apply the federal standard of harmlessness. See *Chapman v. California, supra,* at 20-21.

We base our initial determination that there can be harmless error in the context of a denial of confrontation upon the recent case of *Harrington v. California, supra.* See also *Frazier v. Cupp,* 37 U.S.L.W. 4362 (U. S. Apr. 22, 1969). We are not unaware that in *Smithson v. State,* 5 Md. App. 378, 381-82 (1968), we indicated in dictum that it may be that the harmless error rule is not applicable in cases, such as *Bruton v. United States,* 391 U. S. 123 (1968), where a confession or statement of one co-defendant which implicates another is introduced at a joint trial. Although that statement in *Smithson, supra,* would seem to be unnecessarily

The Court in *Chapman* stated, at 24, that before a constitutional error will be considered harmless the beneficiary of the error must "prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." The Court noted that there was little, if any, difference before this formulation of the harmless error rule and the formulation stated in *Fahy v. Connecticut,* 375 U. S. 85 (1963), viz., "whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." In *Harrington, supra,* the Court, although it did not in any one sentence articulate the applicable test, stated that it remained true to *Chapman, supra,* in considering the impact of the statements complained of and the magnitude ("overwhelming") of the evidence of guilt.

We find it unnecessary in this case to adopt specifically a particular formulation of the harmless error test, for we think that by any of the above tests the error here was harmless.

In the instant case both appellants testified to being in the car at the Drive-In Liquor Store and at the Fairway Bar. It is clear from their testimony that the car in which the appellants were admittedly present was the same car described and tentatively identified by Aubrey Richardson to Deputy Sheriff Thompson. In addition, as noted above, several other witnesses testified respecting the description of the car and the identity of the persons, including the appellants, who were in the car. It is also clear from the record that the statements complained of comprised only a small part of Deputy Sheriff Thompson's narrative of the events leading to the appellants' arrest and were in no way highlighted portions of his testimony.

We do not, and could not,[4] rest our conclusion that the

---

strict in light of *Harrington v. California, supra,* we express no opinion as to what effect that statement might have in a proper case. The instant case, of course, does not present a *Bruton* situation.

4. See *Fahy v. Connecticut, supra* at 86: "We are not concerned here with whether there was sufficient evidence on which the pe-

admission of the testimony complained of was harmless error merely on the fact that there was sufficient evidence, independent of the statements complained of, to support the appellants' convictions. We base our decision, instead, upon the demonstrably minute impact [5] which Aubrey Richardson's statements had upon the integrity of the fact finding process which culminated in the appellants' conviction and upon the overwhelming and uncontradicted evidence [6] that the appellants were present in the car and that the car had been present at the Drive-In Liquor Store. Examination of the record convinces the Court, beyond a reasonable doubt, that the impact of Aubrey Richardson's statements concerning the car was so negligible, and the evidence of presence adverted to above so overwhelming, that it can fairly be said that there is not a reasonable possibility that the statements complained of might have contributed to the conviction. See also *Grice v. State,* 2 Md. App. 482 (1967).

## IV

In two sentences tacked to the end of their short discussion of the issue disposed of immediately above, and with no citation of authority or discussion, the appellants contend that a search of their car was illegal. The record clearly demonstrates that the search of the car and the seizure of a shotgun and an expended shell from the car were the lawful contemporaneous incidents of a lawful arrest. See *Barton v. State,* 2 Md. App. 52, 59 (1967); *Reagan v. State,* 4 Md. App. 590, 601 (1968).

*Judgments affirmed.*

---

titioner could have been convicted without the evidence complained of. The question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction."

See also *Harrington v. California, supra* at 4473: "We do not suggest that if evidence bearing on all the ingredients of the crime is tendered, the use of cumulative evidence, although tainted, is harmless error."

5. See *Harrington v. California, supra* at 4473.
6. See *Harrington v. California, supra* at 4473.