MATTHEW HAM, RONALD RUFUS LEE, KEN-
NETH BAILEY and EDMOND E. COLE *v.*
STATE OF MARYLAND

[No. 415, September Term, 1968.]

*Decided August 12, 1969.*

The cause was argued before MURPHY, C.J., and MORTON, ORTH, and THOMPSON, JJ.

*Jack E. Richards* (*Robert R. Cohen* on brief) for appellant Bailey; *Lee N. Sachs* for appellant Ham; *Frank Cannizzaro, Jr.,* for appellant Lee; *Leonard S. Freedman* (on brief) for appellant Cole.

*Thomas N. Biddison, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *I. Elliott Goldberg, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

Appellants Bailey, Cole and Lee were jointly indicted and subsequently convicted by the court sitting without a jury of four robberies with a deadly weapon. They were each sentenced to concurrent five-year terms for the robberies of Howard Rogers (Indictment #4766) and Rachael Crowther (Indictment #4767) in the Hilltop Bar on September 6, 1967; and to consecutive terms of fifteen and five years for the robberies of Ellwood Daly (Indictment #4765) and Serge Padnuk (Indictment #4768), respectively, in Pat & Woody's Bar on September 7, 1967.

Appellant Ham was also jointly charged under the same indictments with Bailey, Cole and Lee and at their joint trial initially pleaded not guilty. After the State produced testimony of Ham's involvement in the crimes, he withdrew his not guilty plea and, after the other ap-

pellants were convicted, he pleaded guilty to having robbed Howard Rogers (Indictment #4766). The other indictments were then stetted, and he was sentenced to fifteen years under the jurisdiction of the Department of Correction.

The State's evidence at the trial showed that at approximately 10:30 p.m. on September 6, 1967, the Hilltop Bar in East Baltimore was held up at gun point by three youths, during which Howard Rogers, the bartender, and Rachael Crowther, a patron, were robbed. The evidence further showed that at approximately 12:30 a.m. on September 7, 1967, Pat & Woody's Bar was also held up at gunpoint by four youths and the owner Serge Padnuk and a patron Ellwood Daly robbed at that time.

Bailey, Cole and Lee each contend on this appeal that the evidence was insufficient to support any of their respective convictions.

### The Evidence Against Bailey

Al Quattlebaum, a fourteen year old boy, who had been tried as a juvenile in connection with his participation in the robberies, testified for the State that in the early evening hours of September 6, he was with the appellants Bailey, Lee, Ham and Cole in a red and black 1960 or 1961 Chevrolet convertible driven by Ham; that they later were joined by a youth named Smokey who produced a gun and discussed "making some money" with Ham; that they then drove to East Baltimore, where they parked and Smokey, Bailey and Lee left the car, telling the others they were going to visit a girlfriend; that soon thereafter they returned to the car on the run with a bag which appeared to contain money; that nothing was said about what occurred, but at 11:00 p.m., they drove to Pat & Woody's Bar and after Ham, Smokey and Cole entered to "check out" the place, they drove away, returning several hours later, at which time Ham parked the car about a block and a half from the bar; and that he (Quattlebaum), Bailey, Lee and Smokey entered the bar while Ham and Cole remained outside. Quattlebaum described

the holdup, testifying that as they left the bar shots were fired at them, that Ham told them not to get in the car, and that he (Quattlebaum) did not enter the car but remained in the area until about 5:00 a.m. when he observed two youths being arrested near Ham's car.

Both robbery victims at Pat & Woody's Bar—Daly and Padnuk—positively identified Bailey as one of the robbers, and Bailey confessed his involvement in those crimes.

Quattlebaum's testimony that Bailey left the car earlier that evening with Lee and Smokey, and returned shortly thereafter on the run with a bag which appeared to contain money, is corroborated by the testimony of Daly and Padnuk showing that Bailey was with Lee later that same night at Pat & Woody's Bar, Lee also having been identified as one of the robbers by Padnuk and Daly. While Rogers, the bartender at the Hilltop Bar, could not identify Bailey as one of the three robbers, the victim Crowther testified that she had previously identified Bailey as one of the robbers "[w]hen I went up to court" (apparently referring to the preliminary hearing). She also made an in-court identification of Bailey as one of the robbers, but when asked whether she was certain, she replied, "I can't say for sure." It appears from the record that Crowther's failure to make a positive identification may have been only as to which of the three participants held the gun, but considering her testimony to constitute a legally insufficient identification of itself to support a conviction, we think her testimony, viewed in the light of Quattlebaum's testimony respecting Bailey's involvement with Smokey and Lee, both of whom were positively identified by the victims of the Hilltop robberies, constitutes a legally sufficient evidentiary predicate upon which to justify a finding that Bailey was present at the scene of those crimes. See *Hernandez v. State*, 7 Md. App. 355. As indicated, Quattlebaum's testimony that Bailey returned to the car on the run with Smokey and Lee with a bag appearing to contain money was corroborated; but even had it not been, the trial judge could have

found that as to the Hilltop robberies, Quattlebaum was not an accomplice since he professed no involvement in or knowledge of what occurred at that location. In any event, we think the trial judge could properly find from the evidence that Bailey was one of the persons who robbed Rogers and Crowther at the Hilltop Bar.

Bailey contends that there was no proof that he robbed Padnuk of $530.00, the amount of money charged in the indictment. While it is true that Padnuk never testified as to the amount of money that was stolen, he did state that the robbers "cleaned out the cash register." As the evidence indicated that Pat & Woody's Bar was an operating business, with patrons in it at the time of the crime, we think it may properly be inferred that the cash register contained some money, particularly since, immediately prior to the holdup, the robbers purchased some potato chips and actually paid for them with a quarter. It is well settled in a robbery prosecution that the amount of money taken from the victim is not an essential element of the offense, so long as the proof shows that something of value was taken, *Fisher v. Warden*, 224 Md. 669, it being sufficient to prove the taking of a greater or smaller sum of money than that alleged in the indictment, *Love v. State*, 6 Md. App. 639.

Bailey further contends that he cannot be convicted of armed robbery since there was no proof that he personally wielded a deadly weapon or took anything of value from anyone. As the evidence showed that each of the victims had something of value taken from him, either at gun or knife point, and as Bailey was present at that time, participating in the offenses, he is, of course, equally guilty with the others. See *Bradburn v. State*, 4 Md. App. 248.

Bailey next contends that the proof did not correspond to the allegations of the indictment, since the indictment charged that Albert Rogers was the victim, whereas the proof showed that Howard Rogers was the victim. In *Hutson v. State,* 202 Md. 333, it was held that an indictment stating the popular name instead of the true name of the person injured by the offense charged will not be held bad if such person was usually or properly known by the name stated, as the purpose of describing the victim by his name in the indictment is to identify him sufficiently to apprise the defendant of the person allegedly victimized. There was evidence at the trial that "Al" was the nickname of Howard Rogers. Appellant does not contend that he was not sufficiently apprised by the indictment of the charge against him with respect to the Rogers robbery, nor did he raise any objection at the trial to the alleged variance between the indictment and the proof. Under the circumstances, we find the indictment sufficient under *Hutson.*

As to appellant Bailey, we hold that in finding him guilty of each of the four armed robberies, the judgment of the trial court was not clearly erroneous under Maryland Rule 1086.

### The Evidence Against Cole

None of the victims identified Cole as a participant in the robberies. It was Quattlebaum's testimony that neither he nor Cole were involved in or had knowledge of the robbery at the Hilltop Bar and, at most, the evidence showed that prior to this offense, Ham and Smokey had, in Cole's presence, discussed "making some money," and Smokey produced a gun. We cannot, therefore, find from the record that Cole was a principal in the robberies of Rogers and Crowther.

There was, however, testimony from Quattlebaum that after Smokey, Bailey and Lee returned to the car on the run with what appeared to be a bag of money, the group drove to Pat & Woody's Bar where Cole went in to "check out" the place and count the people therein. There was

later discussion among the group as to who would enter and perpetrate the robbery, and it appears that Cole did not reenter the establishment because he was too well known there. Cole, therefore, remained outside during the robbery, with Ham near the car which was parked a block and a half away, and hence he was in a position to be a lookout. As Quattlebaum was an admitted accomplice in the robberies of Daly and Padnuk at Pat & Woody's Bar, his testimony of Cole's involvement in the crimes required corroboration. We find such corroboration in the fact that several hours after these robberies, Cole and Ham were apprehended at the scene of the crime, attempting to drive off in Ham's car—a car which had been earlier identified to the police by a witness as the vehicle to which the robbers fled after committing the crime.

As to appellant Cole, we hold that in finding him guilty of the armed robberies of Rogers and Crowther at the Hilltop Bar, the judgment of the trial court was clearly erroneous under Maryland Rule 1086; but that Cole's convictions for the armed robberies of Daly and Padnuk at Pat & Woody's Bar were proper as based on evidence legally sufficient to support them.

### The Evidence Against Lee

Each of the four victims positively identified Lee at the trial as one of the robbers. Additionally, he confessed his involvement in the robberies of Daly and Padnuk at Pat & Woody's Bar. Contrary to Lee's contention, Quattlebaum's testimony was properly received in evidence and, as to Lee's involvement in the crimes, was amply corroborated. Lee's contention that the extrajudicial identifications of him made by the victims were improperly admitted in evidence is not before us for review, no objection having been made to their introduction in evidence. See *Thompson v. State,* 6 Md. App. 50.

### Whether the Arrests and Statements of Cole and Lee Were Properly Admitted in Evidence

Cole contends that he was illegally arrested and ques-

tioned about his connection with the holdup car without first having been afforded the requisite warnings under *Miranda v. Arizona*, 384 U. S. 436 and that his statement was improperly admitted in evidence against him.

The statement in question appears to have been an oral one made by Ham, not Cole. Its content was read into the record by the police officer who recorded it, but it was not formally admitted in evidence by the State or included as part of the record by the court stenographer. We do not, therefore, know the content of the alleged statement. We glean from other parts of the record, however, that what was said at that time was that Ham and Cole abandoned the car at approximately 10:30 p.m. on the evening of the crime because it was overheated. Whatever its content, and whomever its author, Cole made no objection to the statement when it was read into the record, although he did subsequently move to strike it for unspecified reasons. The trial judge, however, made no ruling on the motion, and there is consequently nothing before us to review.

We note further that Cole expressly stated that he did not question the validity of his arrest. Under these circumstances, we conclude that the arrest was lawful, as found by the trial judge.

Lee contends that his statement was involuntary for failure of the police to give the requisite *Miranda* warnings. The record, however, discloses testimony from the police showing clearly that all *Miranda* warnings were in fact given and a waiver obtained. We think it apparent that the trial judge believed the police and disbelieved appellant on this point.

Lee further contends that as he was unlawfully arrested, it was improper to introduce his confession against him. The record discloses that Lee was arrested on a warrant obtained on the basis of undisclosed information received from Ham and Cole. While the State was unable to produce the warrant in evidence, it apparently having become lost, Lee subsequently agreed that the po-

lice had probable cause to arrest him without a warrant. At one point during the trial, Lee stated that he did not question the validity of the arrest; at another point he specified that his objection to the warrant was predicated on the fact that it was issued on the hearsay statements given police by Ham and Cole. On such a state of the record, we hold that there was no proper objection to the legality of the arrest and the matter is not properly before us for appellate review. *Cf. Davis v. Mississippi,* 394 U. S. 721, 89 Sup. Ct. 1394, 22 L.Ed.2d 676 (1969).

### The Use of Bailey's Statement Against Lee

Lee further contends that the court erred in allowing Bailey's statement implicating him in the Padnuk and Daly robberies to be received in evidence.

In his own statement, Lee admitted complicity in the robberies at Pat & Woody's Bar, but not in the robberies at the Hilltop Bar. When this confession was offered in evidence against him, the court stated that it was admissible only against him. Subsequently, when Bailey's confession implicating Lee was introduced in evidence, Lee made no objection to it, presumably because by the prior ruling respecting Lee's statement that it was being admitted only as against Bailey and not against Lee.

Lee's present objection to the admissibility of Bailey's statement is based on the holding of *Bruton v. United States,* 391 U. S. 123, a case which he asserts forbids the use of a non-testifying codefendant's confession which implicates him since such use violates the Confrontation Clause of the Sixth Amendment. As the present case was tried prior to *Bruton,* and *Bruton* has been determined to require a retroactive application, *Roberts v. Rusell,* 392 U. S. 293, we do not think it proper to hold that Lee's failure to object to Bailey's statement constitutes a procedural bar to our consideration of the issue on appeal.

*Bruton* reconsidered and overruled *Delli Paoli v. United States,* 352 U.S. 232, a case which held, in effect, that the trial court's instructions to the jury to disregard a defendant's confession implicating his codefendant was a

sufficient limitation on the effect of the hearsay admission and provided the non-confessing codefendant with adequate protection on the issue of his guilt or innocence. The *Bruton* court concluded that in a joint trial before a jury the introduction of an extrajudicial statement of one defendant (who did not testify) which implicated his codefendant violated the latter's Sixth Amendment right to confront and cross-examine the witness against him.

The State contends that the real holding in *Bruton* is that the admission in a joint trial before a jury of the statement of a codefendant who does not testify and subject himself to cross-examination is erroneous because the jury cannot be trusted to heed limiting instructions. Hence, the State argues that *Bruton* is not applicable in a non-jury case—Bailey's statement not in fact having been used as evidence against Lee, but only against Bailey, with the result that Lee's Sixth Amendment rights have not been violated.

But we need not here decide whether *Bruton* is applicable to non-jury trial since if it was error to admit Bailey's statement implicating Lee at their joint trial, it was nonetheless harmless within the rationale of *Chapman v. California,* 386 U.S. 18, as more precisely articulated by *Harrington v. California,* 395 U.S. 250. In *Harrington,* a jury case, a codefendant's statement implicating Harrington was introduced in evidence at their joint trial, as was Harrington's own statement implicating himself. There was also testimony of several eyewitnesses indicating his involvement in the crime. The court held that although it was error under *Bruton* to admit the codefendant's confession implicating Harrington before the jury, the case against Harrington was so overwhelming that the violation of *Bruton* was harmless beyond a reasonable doubt.

In the present case, two eyewitnesses identified Lee as a participant in the robberies at Pat & Woody's Bar. The accomplice Quattlebaum similarly implicated him, and Lee confessed to the crime. Under these circumstances,

we think Bailey's statement implicating Lee was in any event harmless beyond a reasonable doubt, as in *Harrington*. See also *Richardson and Thomas v. State*, 7 Md. App. 334.

### The Voluntariness of Ham's Guilty Plea

Ham maintains that his guilty plea was not freely and voluntarily entered. We disagree.

As heretofore indicated, the record discloses that Ham pleaded not guilty to the indictments against him and proceeded to trial with the other appellants. After listening to several State's witnesses implicate him in the robberies at the Hilltop Bar on the first day of trial, Ham apparently was permitted to withdraw his not guilty plea and, after the other appellants were convicted, he pleaded guilty solely to the robbery of Rogers, the other cases being stetted. Prior to the acceptance of his guilty plea, Ham was advised in clear and understandable terms of the nature of the offense charged against him and the possible consequences of his guilty plea. We think the record abundantly reflects that the plea was voluntary, that no promises were made to induce the plea and that it was intelligently entered. As such, it was properly accepted. See *Church v. State*, 5 Md. App. 642; *Cooper v. State*, 5 Md. App. 638.

*As to appellants Ham, Lee, and Bailey:*
*Judgments affirmed.*
*As to appellant Cole:*
*Judgments affirmed as to indictments #4765 and #4768;*
*Judgment reversed as to indictments #4766 and #4767 and case remanded for a new trial.*[1]

---

1. See *Gray v. State*, 254 Md.