## WALTER GENTRY v. STATE OF MARYLAND

[No. 519, September Term, 1970.]

*Decided May 5, 1971.*

The cause was submitted on briefs to ORTH, MOYLAN and POWERS, JJ.

Submitted by *Harry D. Barnes* for appellant.

Submitted by *Francis B. Burch, Attorney General, George A. Eichhorn, III, Assistant Attorney General,* and *Donaldson C. Cole, Jr., State's Attorney for Cecil County,* for appellee.

ORTH, J., delivered the opinion of the Court.

Walter Gentry was found guilty by a jury in the Circuit Court for Cecil County of two offenses proscribed by Code, Art. 27, § 230 A: (1) that on or about 10 December 1968 to 7 May 1970 he did "unlawfully, wilfully and knowingly by false statements and representations and by fraudulent device obtain from the Cecil County Department of Social Services $4,091.50, current money, public assistance greater than to which he was justly entitled"; and (2) that on or about 11 July 1969 to 7 May 1970 he "unlawfully and wilfully and knowingly did obtain by failure to disclose to the Cecil County Department of Social Services (welfare agency) a change in his household, public assistance in the amount of $2,328.-

50, current money, to which he was not entitled and which is greater than that to which he is justly entitled."

The nub of the State's case was that appellant was receiving public assistance in Cecil County while his wife was receiving public assistance in his name and later in her name from Chester County, Pennsylvania. Also appellant did not inform the Cecil County Department that his daughter had been married on 29 November 1969 which would have reduced the amount of payments to him.

He questions the sufficiency of the evidence. But he argues as to the first conviction that he received only $3,-070.50 overpayment and not $4,091.50, the amount which he was ordered to repay. The verdict of guilty was proper even though the State had not proved the exact amount alleged. The offense is proved upon evidence that he unlawfully received any public assistance to which he was not entitled or assistance greater than that to which he was justly entitled. It was sufficient for the State to establish, as it did, that he received some public assistance to which he was not entitled; whether in an amount greater or smaller than the amount charged was not material. The amount of money involved is no more an element of the offense than it is in a robbery. *Ham, et al. v. State,* 7 Md. App. 474, 479; *Love v. State,* 6 Md. App. 639. And we find no impropriety in the order that he make restitution in the amount of $4,091.50. Even though the checks in Pennsylvania were for a time payable to the wife, it was assistance to the family and appellant was not entitled to receive the Maryland payments. It was clearly shown that he unlawfully received $4,091.50 from Cecil County and the statute provides that full restitution be made "of the moneys unlawfully obtained."

With regard to the second conviction appellant argues only that the overpayment he received was $140 rather than $2,328.50. As we have seen above, the precise amount unlawfully received was immaterial. That the amount proved was less than the amount alleged does not

vitiate the conviction. We note that restitution was not ordered to be made with respect to this conviction.

However, we feel that the second conviction was not proper in view of the first conviction. Code, Art. 27, § 230 A, as applicable to the offenses here, made it a misdemeanor for a person to obtain public assistance to which he was not entitled or greater than that to which he was justly entitled (1) by means of a wilfully false statement or representation; or (2) by the failure [1] to disclose to the welfare agency a change in household or financial condition; or (3) by impersonation or other fraudulent device. It is clear that appellant unlawfully obtained public assistance to which he was not entitled by failure to disclose a change in his household, the marriage of his daughter, but the money he received by this means was included in the $4,091.50 he had unlawfully received by means of the wilfully false statement which was the basis of the first conviction.[2] In other words, the total amount of public assistance he in fact unlawfully obtained was not increased by the failure to report the marriage of his daughter. Therefore by the second conviction he was twice convicted for obtaining the same money. This is manifestly improper. The first conviction was under the 3rd count of the criminal information against him and the second conviction was under the 4th count. We vacate the judgment under the 4th count.

*In criminal No. 2270:*
*Judgment under 3rd count affirmed;*
*Judgment under 4th count vacated.*

1. Acts 1970, ch. 193, effective 1 July 1970, substituted "knowingly failing" for "the failure".

2. There were received in evidence six checks in the amount of $250, eight checks in the amount of $261.50, one check in the amount of $6.50, one check in the amount of $256.50 and one check in the amount of $236.50. Each was payable to and endorsed by Walter Gentry and made by the Cecil County Department of Social Services.