# CECIL O'DELL BOWMAN, JOHN WILLIAM BROOKS, JR. and ALVIN HARRIS, JR. *v.* STATE OF MARYLAND

[No. 93, September Term, 1972.]

*Decided December 6, 1972.*

The cause was argued before MORTON, MOYLAN and POWERS, JJ.

*Joseph S. Casula* for appellants.

George A. Eichhorn, III, Assistant Attorney General, with whom were Francis B. Burch, Attorney General, J. Thomas Caskey, Assistant Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County, and Richard H. Sothoron, Jr., Assistant State's Attorney for Prince George's County, on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

Judgments of conviction of robbery with a dangerous and deadly weapon against Cecil O'Dell Bowman and John William Brooks, Jr. entered upon jury verdicts in the Circuit Court for Prince George's County will have to be reversed because their rights under Bruton v. U.S., 391 U. S. 123, were violated. Conviction of their codefendant, Alvin Harris, Jr., need not be disturbed.

At about 8:30 P.M. on 3 July 1971 the Palmer Park Liquor Store in Prince George's County was held up by four negro men, at least two of whom displayed guns. They forced the manager and three other employees into a back room. They took money from the cash registers, a safe, and the manager's wallet.

The three appellants and one other man were indicted for the robbery. The three appellants [1] were tried together by Judge Roscoe H. Parker and a jury beginning 3 November 1971. Each was represented by separate counsel. All three were convicted and sentenced, and all three appealed.

Before the trial began, Bowman and Brooks moved for a severance on the ground that Harris had made a statement to the police implicating them. The motion was denied.

The manager and one of the employees identified Bowman and Harris as two of the robbers. Another employee identified all three appellants. The fourth employee identified only Harris.

---

1. The fourth defendant was incarcerated elsewhere and presumably was not available for trial.

Detective Vincent Raubaugh of the Prince George's County Police testified for the State that on 28 July 1971 he executed a warrant for the arrest of Alvin Harris, Jr. He took Harris to the robbery squad office in the police station. After having been advised fully of his rights, Harris agreed to make a statement without a lawyer present. Detective Raubaugh was asked to relate the conversation he had with Harris. Objections of all three appellants were overruled. The State took the position that the fact that Harris implicated Bowman and Brooks did not affect the admissibility of his statement, but was a matter of credibility and weight, subject to cross examination. The court agreed.

The detective related that Harris denied that he was himself involved in the robbery, but then went on to describe in great detail how it had taken place. The detective put a group of photographs on the desk, and asked Harris who perpetrated the robbery. Harris said, "You got their pictures, man. You know who they are." The detective asked Harris to prove it, and Harris separated the photographs, leaving three by themselves. The three were of Bowman, Brooks, and the fourth alleged participant. The witness further said that he told Harris he had warrants for Bowman and Brooks for the robbery, and asked Harris to assist him in locating them, which he agreed to do.

Harris did not testify, nor did Bowman or Brooks.

In 1968 the Supreme Court decided the case of *Bruton v. U.S.*, *supra*. Bruton and Evans were tried together on a joint charge of postal robbery. Evans had confessed, incriminating Bruton. A postal inspector was permitted to testify to the confession, which was ruled admissible against Evans. The jury was instructed to disregard it as to Bruton.

Bruton's claim in the Supreme Court was that his Sixth Amendment right to be confronted with the witnesses against him, since Evans did not testify and Bruton had no opportunity to cross examine him, was vio-

lated. The Court agreed and reversed Bruton's conviction. In so doing, the Court repudiated its holding in *Delli Paoli v. U. S.*, 352 U. S. 232, which, in similar circumstances, had ruled that prejudice to a defendant was avoided by a cautionary instruction to the jury. After expressing doubt that any jury could or would observe the distinction of considering a confession or statement against a defendant who made it, while disregarding its existence in determining the guilt of a codefendant, Mr. Justice Brennan said for the Court, at page 137:

> "Despite the concededly clear instructions to the jury to disregard Evans' inadmissible hearsay evidence inculpating petitioner, in the context of a joint trial we cannot accept limiting instructions as an adequate substitute for petitioner's constitutional right of cross-examination. The effect is the same as if there had been no instruction at all."

Although violation of the Bruton rule is error, the Supreme Court has recognized that such error may be harmless if found to be so beyond a reasonable doubt. *Harrington v. California*, 395 U. S. 250, *Schneble v. Florida*, 405 U. S. 427.

In *Schneble* the Court said, at page 430:

> "The mere finding of a violation of the *Bruton* rule in the course of the trial, however, does not automatically require reversal of the ensuing criminal conviction. In some cases the properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the codefendant's admission is so insignificant by comparison, that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error."

While *Bruton* was a federal prosecution, the Supreme Court held in *Pointer v. Texas*, 380 U. S. 400, that the Sixth Amendment right of an accused to confront the

witnesses against him was a fundamental right binding upon the states. See also *Roberts v. Russell,* 392 U. S. 293.

We have considered and applied *Bruton* in several cases. See *Smithson v. State,* 5 Md. App. 378, 247 A. 2d 542; *Lipscomb v. State,* 5 Md. App. 500, 248 A. 2d 491; *Richardson and Thomas v. State,* 7 Md. App. 334, 255 A. 2d 463; *Ham, Lee, Bailey and Cole v. State,* 7 Md. App. 474, 256 A. 2d 362; *Sutton v. State,* 8 Md. App. 285, 259 A. 2d 561; *Shedrick and Beckwith v. State,* 10 Md. App. 579, 271 A. 2d 773; and *Adam and Green v. State,* 14 Md. App. 135, 286 A. 2d 546.

In *Smithson* we reversed a conviction because of a *Bruton* error in a jury trial. We expressed doubt whether a *Bruton* error could be held harmless,[2] but we held that in any event it was not harmless in that case. In *Lipscomb* we discussed *Bruton,* but held that it did not apply, because the confessing codefendant did in fact testify and was cross examined. *Lipscomb* was non-jury, but that aspect of the applicability of *Bruton* was not raised or considered.

In *Richardson and Thomas,* tried without a jury, we recognized a *Bruton* error, but held it harmless beyond a reasonable doubt. In *Ham, Lee, Bailey and Cole,* a non-jury trial, we considered a *Bruton* error in the light of the State's contention that because of its rationale, *Bruton* did not apply in a non-jury trial.[3] We said, at page 484:

> "But we need not here decide whether *Bruton* is applicable to non-jury trial since if it was error to admit Bailey's statement implicating Lee at their joint trial, it was nonetheless harmless within the rationale of *Chapman v. Cali-*

---

2. *Harrington v. California,* 395 U. S. 250, which held that such an error could be harmless, was not decided until the following year.

3. In view of the basis of the *Bruton* holding, and the role of a judge in a non-jury trial as discussed by the Court of Appeals in *State v. Hutchinson,* 260 Md. 227, 271 A. 2d 641, it would seem that there could be no *Bruton* error in a non-jury trial in Maryland.

*fornia,* 386 U. S. 18, as more precisely articulated by *Harrington v. California,* 395 U. S. 250."

In *Sutton,* a jury trial, we affirmed in spite of what we considered to be a *Bruton* error, holding the error to be harmless beyond a reasonable doubt.[4]

In *Shedrick and Beckwith,* tried before a jury, we reversed convictions because of a *Bruton* error which we could not say was harmless. In *Adam and Green* we affirmed, finding that the alleged *Bruton* errors did not exist.

We cannot say, in the case before us, that the error was harmless as to Bowman and Brooks. Bowman was identified by three of the four employees in the liquor store, and Brooks by one. All of the employees had previously made photographic identifications, the facts of which were admitted in evidence, but their weight and credibility were vigorously attacked by the defense. Both produced witnesses who testified to alibis which appeared on their face to be plausible. Obviously the jury rejected the alibis. We cannot say that in doing so the jury was

---

4. The codefendant whose alleged confession was admitted in evidence, did in fact take the stand and testify, but he denied having made the statement. On the basis of authorities we there cited, we felt that the other defendants did not have an effective right of cross examination.

Later clarification of the point was best expressed by Judge Moylan in *Adam and Green v. State, supra,* when he said, at page 144:

"* * * whatever vitality *Sutton* may have had has been completely sapped by *Nelson v. O'Neil,* 29 L.Ed.2d 222 (402 U. S. 622). The Supreme Court in *Nelson* took the statement from *Douglas (Douglas v. Alabama,* 380 U. S. 415) which we had relied upon in *Sutton,* labeled it mere dictum, and then repudiated that dictum. In giving a more restricted reading to *Bruton* than had seemingly been theretofore indicated, *Nelson* held squarely:

'We conclude that where a co-defendant takes the stand in his own defense, denies making an alleged out-of-court statement implicating the defendant, and proceeds to testify favorably to the defendant concerning the underlying facts, the defendant has been denied no rights protected by the Sixth and Fourteenth Amendments.'

In the light of *Nelson,* we reconsider and reverse our holding in *Sutton.*"

not influenced by the evidence of Detective Raubaugh that Harris implicated both of them in the robbery.

To paraphrase the words of Mr. Justice Rehnquist for the Supreme Court in *Schneble v. Florida, supra,* we conclude that the minds of an average jury *may* have found the State's case significantly less persuasive had the testimony as to Harris's statements been excluded.

What we have said applies to Bowman and Brooks, but not to Harris. All three argue that both the pretrial photographic identifications and the admission in evidence at the trial of the photographs used in those viewings prejudiced them because the photographs were police mug shots and thus suggested some prior contact by the subjects with the police. This contention has no merit. *Austin v. State,* 3 Md. App. 231, 238 A. 2d 569.

*Judgments as to Cecil O'Dell Bowman and John William Brooks, Jr. reversed and case remanded for a new trial.*

*Judgment as to Alvin Harris, Jr. affirmed.*