# Commonwealth *v.* Gray et al., Appellants (No. 2).

*Criminal law—Larceny—Accessory after the fact—Charge—Harmful error—Appeal.*

1. An accessory after the fact is not a principal in the commission of a crime.

2. On an indictment for larceny only it is error to charge the jury that the defendant may be convicted if he was an accessory after the fact.

3. When an error has been committed which may have been harmful the sentence must be reversed.

Submitted October 7, 1919. Appeal, No. 338, Jan. T., 1919, by defendant, Irvin G. Gray, from judgment of Superior Court, Oct. T., 1919, No. 104, affirming judgment of Q. S. Centre Co., Dec. T., 1918, No. 5, on verdict of guilty in case of Commonwealth v. Irvin G. Gray, Clyde G. Gray and George F. Gray. Before BROWN, C. J., STEWART, MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Indictment for larceny.

Appeal from Superior Court.

The Superior Court affirmed the judgment of the court of quarter sessions.

*Error assigned* was in affirming the judgment of the quarter sessions.

*W. G. Runkle* and *Ellis L. Orvis,* for appellant.

*J. C. Furst,* District Attorney, and *N. B. Spangler,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, January 5, 1920:

The parties, the facts and the procedure in this case are the same as in the case of Commonwealth v. Irvin G.

Gray, appellant, of January Term, 1919, No. 337, in which an opinion has been this day filed, except that the indictment is for stealing a different animal, and the portion of the charge objected to and assigned for error is slightly different in verbiage but not in substance. In the present case it is as follows: "The question has been raised by counsel for the defendants that Irvin G. Gray, one of the defendants, should not be convicted of any crime because the testimony does not directly connect him with the actual killing or butchering of this alleged stolen bull. If you are satisfied beyond a reasonable doubt, first, that this was the Andrews bull, that Irvin G. Gray participated, either in the communication for the sale of it or after it was butchered in the delivery of it, taking a part of it or receiving money for it, and that he, as he stated, was present and saw the carcass and the hide of the bull that was butchered that day, and that the testimony convinces you, beyond a reasonable doubt, that this was the Andrews bull and not the bull contended for by these defendants, then you would be justified in finding him guilty, as he would be what is known in law as an accessory either before or after the fact, as you may find from the testimony and as instructed by the court, and would be as guilty as the principals, or the persons who actually did the butchering or killing of this animal."

The single count in the indictment being for larceny, for the reason stated in the preceding case, we must also reverse the judgment and sentence here.

The judgment of the Superior Court and the sentence of the Court of Quarter Sessions of the Peace for Centre County are reversed so far as they relate to Irvin G. Gray only, and a venire facias de novo awarded.