FRANCIS ANTHONY AGRESTI *v.* STATE
OF MARYLAND

[No. 211, Initial Term, 1967.]

■■■■■■■■■■■■

*Decided October 27, 1967.*

■■■■■■■■■■■■

The cause was argued before MORTON, ORTH, and THOMPSON, JJ., and DIGGES, J., Chief Judge of the Seventh Judicial Circuit, specially assigned.

*H. Thomas Sisk,* with whom was *M. Michael Cramer* on the brief, for appellant.

*Jon F. Oster, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *William A. Linthicum, Jr., State's Attorney for Montgomery County,* on the brief for appellee.

ORTH, J., delivered the opinion of the Court.

The appellant was convicted of robbery with a deadly weapon by a jury in the Circuit Court for Montgomery County, Judge James H. Pugh, presiding, and sentenced to imprisonment for a term of 20 years.

The case went to the jury on the first, third, fifth and ninth counts of the information filed against the appellant. The first count, on which he was convicted, charged robbery with a deadly weapon. The third count charged attempted robbery with a deadly weapon. The fifth count charged robbery. The ninth count charged grand larceny.

At the close of all the evidence the appellant moved for a di-

280

rected verdict (which we consider a motion for judgment of acquittal, Md. Rules, 755 a) "as to all counts" and the motion was denied. We think the trial court erred in denying the motion as to the first count.[1]

While participants in treason and misdemeanors, if liable, are all punishable as principals, parties to a felony are classified, at common law, as principals or accessories. Principals in the first degree are those who commit the deed as perpetrating actors, either by their own hand or by the hand of an innocent agent. Under common law, persons present, actually or constructively, aiding and abetting the commission of the crime, but not themselves committing it, are principals in the second degree, provided there is a guilty principal in the first degree. Accessories before the fact are those persons who procure, counsel, or command the deed perpetrated, but who are not present, actively or constructively, at such perpetration. Accessories after the fact are those who receive, comfort or assist a felon knowing that he has committed a felony. *Clark and Marshall, Crimes, Sixth Edition*, § 8.00; *Camphor v. State*, 233 Md. 203, 205 (principal in second degree); *Thornton v. State*, 232 Md. 542, 544 (principal in second degree); *Veney v. State*, 225 Md. 237, 238 ("lookout" is principal); *Vincent v. State*, 220 Md. 232, 239 (principal in second degree); *Coleman v. State*, 209 Md. 379, 384 (principal in misdemeanors); *Watson v. State*, 208 Md. 210, 217-218 (accessory before and after the fact); *Wimpling v. State*, 171 Md. 362, 369 (accessory before the fact); *Davis v. State*, 38 Md. 15, 46 (accessory before the fact). An accessory at common law may be made a principal by statute. Thus one who aids, counsels or procures the burning of a dwelling house is guilty of arson, Md. Code (1967 Repl. Vol.) Art. 27, § 6, and one who aids, abets and counsels the breaking of a dwelling house in the nighttime with intent to steal is guilty of burglary, Code, supra, Art. 27, § 302. Except as otherwise

---

1. The jury made no finding on the third, fifth and ninth counts. The silence of the jury on those counts was the equivalent to a verdict of not guilty on each of them after the verdict of guilty on the first count. *Jackson v. State*, 231 Md. 591; *Glickman v. State*, 190 Md. 516. Therefore, we consider only the denial of the motion as to the first count.

provided by statute, Maryland recognizes the distinction between principal and accessory even though "this distinguishing of the accessory before the fact from the principal is a pure technicality * * * [and] has no existence either in natural reason or the ordinary doctrines of the law. * * * This technical rule (accessory after the fact) has become too fundamental in the common law of crime to be overcome by juridical reasoning." *Watson v. State, supra,* at page 218-219, quoting 1 *Bishop, Criminal Law,* 9th Ed., §§ 673 and 692.

Although at common law an accessory before the fact is liable to the same punishment as the principal, the distinction between them is important in practice unless the distinction has been changed by statute. At common law, an indictment must charge a person correctly as principal or accessory according to the facts and on an indictment charging a person as principal there could be no conviction on evidence showing that he was merely an accessory and vice versa. *Clark and Marshall, Crimes, supra,* § 8.05, p. 462; *Sanders v. State,* 1 Md. App. 630. It is stated in *Perkins on Criminal Law* (1957), ch. 6, § 8, D, 1 b, page 583:

> "The case may be lost in advance either by carelessness in the pleading or by a mistaken notion as to whether the particular defendant was or was not present at the time the crime was committed. One charged with felony as a principal cannot be convicted if the evidence established assessorial guilt, and one charged as an accessory cannot be convicted if the evidence shows him to have been a principal. One may be charged as a principal and as an accessory in separate counts of the same indictment, but the prosecution can be required to elect upon which count it will rely before the case is finally submitted to the jury."

Md. Code, *supra,* Art. 27, § 488 provides:

> "Every person convicted of the crime of robbery or attempt to rob with a dangerous or deadly weapon or accessory thereto, shall restore to the owner thereof the thing robbed or taken, or shall pay him the full value thereof, and be sentenced to imprisonment in the Maryland Penitentiary for not more than twenty years."

We cannot read into this language that an accessory to the crimes of robbery or attempt to rob with a deadly weapon is made a principal. Even if it be assumed that an accessory is made a principal thereby, the statute contains no reference to the manner of charging the offense, but provides only for punishment and restoration of the thing taken. As stated in *Clark and Marshall, Crimes, supra,* § 8.05, page 463 :

> "Notwithstanding such a statute, therefore, a person indicted as a principal cannot be convicted if the evidence shows that he was an accessory only. But a statute, providing that an accessory before the fact may be indicted, tried and convicted and punished as a principal, will authorize conviction of one charged as a principal showing him to be merely an accessory." [2]

It is clear that § 488 does not so provide.

The weight of authority in other jurisdictions has long supported the rule that, in the absence of statutory authority, on an indictment charging a person with a felony as a principal there can be no conviction on evidence showing he was merely an accessory. In *Smith v. State,* 37 Ark. 274 (1881) it was held that a statute which stated that "one who aids, assists, abets, advises or encourages another in the commission of a crime shall be deemed in law a principal and punished accordingly has no reference to the manner of charging the offense" and one who is an accessory cannot therefore be convicted on an indictment charging him as principal. In *People v. Campbell,* 40 Cal. 129 (1870), the Court said, at page 130 :

> "The Legislature may make the offenses of accessory before the fact and of principal identical, as to their punishment, and as to their mode, manner and time of trial, but until it becomes unnecessary to set out in an indictment the offense charged to have been committed we submit that analogy and good pleading demand that an accessory before the fact should no more be

---

**2.** Even such a statute does not permit conviction as a principal of an accessory after the fact. *Com. v. Gray,* 265 Pa. 540; 109 Atl. 240.

convicted upon an indictment charging him as principal, than that a party guilty of larceny shall be convicted upon an indictment charging him with burglary."

*People v. Lyon,* 1 N. E. 673 (N. Y. 1885), *State v. Lacoshus,* 70 A. 2d 203 (N. H. 1950) and *State v. Colvin,* 107 A. 2d 324 (R. I. 1954), each held that one who is an accessory before the fact cannot be convicted on an indictment charging him as a principal. *Skidmore v. State,* 115 N. W. 288 (Neb. 1908) and *State v. Sullivan,* 185 A. 2d 410 (N. J. 1962) made a like holding with respect to accessory after the fact. In *Hill v. State,* 142 S. E. 2d 909 (Ga. 1965) it was held that on an indictment charging robbery the defendant was properly denied instructions that he might be convicted as an accessory after the fact because being charged as a principal, he could not be convicted as an accessory after the fact. See also *Goss v. State,* 38 So. 2d 700 (Miss. 1949) which held that, on the basis of a statute providing that accessories before the fact shall be "indicted and punished" as principals, an accessory before the fact could be convicted on an indictment charging him as a principal. Cf. *People v. Rybka,* 158 N. E. 2d 17 (Ill. 1959).

The first count of the information charged that the appellant "* * * unlawfully with a dangerous and deadly weapon, to wit, a gun, did rob Prentice W. Savage and violently steal from Prentice W. Savage, four hundred seventy dollars * * *." The language is substantially the formula provided by Md. Code (1967 Repl. Vol.) Art. 27, § 489 for robbery with a deadly weapon but that section does not provide a formula sufficient to charge accessory, either before or after the fact, to that crime. We think it clear that, under the count, the appellant was charged as a principal and was not charged as an accessory. Although Md. Code (1967 Repl. Vol.) Art. 27, § 488 (robbery with a deadly weapon) includes accessory, it provides only for punishment and restoration of the thing taken, and we do not agree with the trial court's charge to the jury that "robbery with a deadly weapon includes accessory before and after the fact." Nor do we agree, as the trial court further charged, that if the jury "find from the law and evidence in this case that the de-

fendant was an accessory before the fact to robbery with a deadly weapon" it "could find him guilty of robbery with a deadly weapon, without specifying that he is guilty of robbery or being an accessory to robbery." In short, we feel that a conviction on evidence showing the accused was merely an accessory is not proper under a count charging him as a principal.

While we do not inquire into and measure the weight of the evidence to ascertain whether the State has proved its case beyond a reasonable doubt, we are required to determine the legal sufficiency of the evidence to take the case to the jury, where, as here, the point has been properly preserved. It has been consistently held that in order to overturn a judgment entered on the verdict of a jury for insufficiency of the evidence, it is necessary that there be no legally sufficient evidence or inferences drawable therefrom on which the jury could find a defendant guilty beyond a reasonable doubt. *Quinn v. State*, 1 Md. App. 373. We have reviewed the record in the instant case and find that there was no legally sufficient evidence or inferences drawable therefrom that the appellant was a principal in the crime of robbery with a deadly weapon, for the evidence is clear that he did not commit the crime as a perpetrating actor, either by his own hand or by the hand of an innocent agent and that he was not present at the commission of the crime, either actually or constructively. There is evidence to show that he procured, counseled and planned the robbery, even to the extent of furnishing the weapon used, and that he received, comforted and assisted one whom he knew had committed the crime, but, these acts did not make him a principal, although they may be sufficient to show him to have been an accessory before and after the fact, and that he conspired to commit the crime.

We have found that the count under which the appellant was convicted charged him as a principal in the crime of robbery with a deadly weapon, that under that count he could not properly be found guilty on evidence showing him to be merely an accessory, and that there was no evidence or inferences drawable therefrom on which the jury could find him guilty of being a principal beyond a reasonable doubt. We hold, therefore, that the trial court erred in denying the motion for judgment of ac-

quittal as to the first count of the information and must reverse the judgment.

In view of our holding, it is not necessary for us to decide other questions raised by the appellant on this appeal.

*Judgment reversed.*