## LARRY CARL McBRYDE AND CECIL DOUGLAS BLAND *v.* STATE OF MARYLAND

[No. 356, September Term, 1975.]

*Decided February 27, 1976.*

The cause was argued before ORTH, C. J., and MENCHINE and MASON, JJ.

*Frank B. Haskell, III, Assigned Public Defender,* for appellants.

*Leroy Handwerger, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A.*

358

*Marshall, Jr., State's Attorney for Prince George's County,* and *Alan E. D'Appolito, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

MASON, J., delivered the opinion of the Court.

The appellants, Larry Carl McBryde and Cecil Douglas Bland, were convicted by a jury in the Circuit Court for Prince George's County of being accessories before the fact to the crime of robbery with a deadly weapon. They were each sentenced to a term of twenty years.

The appellants' only assignment of error is that the evidence was insufficient to support their conviction as accessories before the fact to the crime of robbery with a deadly weapon.

The evidence adduced at trial by the State disclosed that the appellants, with one Carlton Robert McLaughlan, drove into the parking lot of a 7-Eleven store. After remaining there for a short period of time, they left the parking lot and drove into an alley which runs behind the shopping center located directly across the street from the 7-Eleven store. At the entrance of the alley McLaughlan got out of the automobile, talked briefly with the appellants, and then walked in the direction of the 7-Eleven store. Meanwhile, the appellants drove through the alley and emerged in front of the shopping center. They cruised slowly in front of the stores in the shopping center until they reached the street which separated the 7-Eleven store from the shopping center. At this point, McLaughlan made a hand signal to the appellants and proceeded across the street into the 7-Eleven store. The appellants then drove to the same alley where they had entered previously and disappeared from view.

Within moments after McLaughlan entered, alarms were actuated. The police, who had the area "staked out" and who had observed the entire incident, arrested McLaughlan as he walked away from the store. McLaughlan had in his possession a pistol and a wad of currency. He subsequently pleaded guilty to the offense of robbery with a deadly weapon.

After McLaughlan was arrested, the police proceeded into the alley and arrested the appellants, who were sitting in Appellant Bland's automobile, approximately fifty feet into the alley in a position completely out of sight of the 7-Eleven store. The automobile's engine was running and its headlights were on.

Maryland recognizes the common law distinction between principals and accessories before the fact. *Huff v. State*, 23 Md. App. 211, 326 A. 2d 198 (1974); *Agresti v. State*, 2 Md. App. 278, 234 A. 2d 284 (1967). We have defined accessories before the fact as ". . . those persons who procure, counsel, or command the deed perpetrated, but who are not present, actively or constructively, at such perpetration." *Agresti*, 280. Under common law, persons who are present, either actually or constructively, and who aid and abet the commission of a crime, but do not themselves commit it, are principals in the second degree, provided there is a guilty principal in the first degree. *Id.* We have noted that a principal differs from an accessory only in the requirement of presence. *Huff*, 214. Thus, the critical difference between an accessory before the fact and a principal is his presence or absence during the commission of the crime.

In order to sustain the appellants' convictions, the State was required to present evidence which proved each of the two elements of the definition of an accessory before the fact, namely: (1) that the appellants aided and abetted the commission of a crime; and (2) that the appellants were not present, either actually or constructively during the commission of the crime.

A review of the record reveals that the appellants and McLaughlan stopped first at the 7-Eleven store and then drove into the alley where McLaughlan got out. The appellants next circled around the shopping center until they received a hand signal from McLaughlan, whereupon they drove again into the alley where they waited with the car engine running and the headlights on while McLaughlan perpetrated the robbery. Based on this evidence, it is clear that the appellants aided and abetted the commission of the

crime and were constructively present during the commission of the crime.

> A person is constructively present, hence guilty as a principal, if he is acting with the person who actually commits the deed in pursuance of a common design, and is aiding his associate, either by keeping watch or otherwise or is so situated as to be able to aid him, with a view, known to the other, to insure success in the accomplishment of the common enterprise. Clark and Marshall, *Law of Crimes* (7th ed. 1967) p. 509.

The State argues that because the appellants' automobile was parked out of sight of the 7-Eleven store, the appellants were not constructively present. This reads the definition of constructive presence too narrowly. The test is not whether the appellants could see the 7-Eleven store, but whether they were acting in concert with McLaughlan in furtherance of a common scheme and were so situated as to aid McLaughlan in his escape.

Under the facts and circumstances in the present case, we conclude that the appellants were constructively present at the commission of the crime and therefore were principals in the second degree and not accessories before the fact. This is consistent with other Maryland cases which hold that persons waiting in a getaway car during the commission of a felony, such as appellants here, are principals in the second degree. *Vincent v. State,* 220 Md. 232, 151 A. 2d 898 (1958); *Farmer v. State,* 5 Md. App. 546, 248 A. 2d 809 (1968).

In *Agresti v. State, supra,* we held that one who is an accessory before the fact cannot be convicted on an indictment charging him as a principal. In the present case, the indictment charged the appellants as accessories before the fact, but the evidence showed they were principals.

> At common law, an indictment must charge a person correctly as principal or accessory according to the facts and on an indictment charging a person as principal there could be no conviction on

evidence showing that he was merely an accessory and vice versa. *Id.*, 281 (Citations omitted.)

\* \* \*

"The case may be lost in advance either by carelessness in the pleading or by a mistaken notion as to whether the particular defendant was or was not present at the time the crime was committed. One charged with felony as a principal cannot be convicted if the evidence established assessorial guilt, and one charged as an accessory cannot be convicted if the evidence shows him to have been a principal. One may be charged as a principal and as an accessory in separate counts of the same indictment, but the prosecution can be required to elect upon which count it will rely before the case is finally submitted to the jury." *Perkins on Criminal Law* (1957), ch. 6, § 8, D, 1 b, p. 583. Quoted in *Agresti*, 281.

Because the evidence adduced below and the inferences drawable therefrom clearly establish that the appellants were present during the commission of the crime, the jury could not find the appellants guilty of being accessories before the fact beyond a reasonable doubt. Accordingly, we hold that the trial court erred in denying the appellants' motion for judgment of acquittal.

*Judgments reversed.*