## DENNIS CARROLL CARR v. STATE OF MARYLAND

[No. 103, September Term, 1981.]

*Decided December 3, 1981.*

The cause was argued before THOMPSON, LOWE and MASON, JJ.

*Joseph Fleischman,* with whom was *Brian Lee Herzberger* on the brief, for appellant.

*Alice G. Pinderhughes, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Thomas E. Hickman, State's Attorney for Carroll County,* and *Frank D. Coleman, Assistant State's Attorney for Carroll County,* on the brief, for appellee.

LOWE, J., delivered the opinion of the Court.

After having been denied a change of venue, Dennis Carroll Carr was convicted by a jury in the Circuit Court for Carroll County of possession of marijuana, possession with intent to distribute and conspiracy to distribute a controlled dangerous substance. The primary evidence produced by the State was the testimony of an assistant in the office of the State's Attorney who had been an undercover investigator in the preparation of the case. Included in that testimony were inculpatory statements reportedly made by appellant to a codefendant who was not tried jointly with appellant since he had previously pled guilty to the conspiracy.

In addition to the evidence offered through the undercover operative, the State introduced the criminal file of the codefendant who had pled guilty to the conspiracy charge. The State's brief argues that the record is "admissible" under Md. Cts. & Jud. Proc. Code Ann. (1974, 1980 Repl. Vol.), § 10-204, and that it was admitted "for the sole purpose of demonstrating the existence of the conspiracy." [1] Although the State concedes that the admission of the record

---

1. Section 10-204 simply makes the record competent evidence; it does not address its relevance or judicial effect.

was error "[a]ccording to *Boone v. State,* 3 Md. App. 11, 31 *[,cert. denied,* 248 Md. 733, 393 U.S. 872, 873] (1968)," it contends that it was harmless error, beyond a reasonable doubt, as to the charge of possession of marijuana with intent to distribute. It then rationalizes that

> "[a]n examination of the abundance of evidence on the possession with intent to distribute charge clearly established that the court file had no impact at all and Appellant's conviction of conspiracy is insignificant since the sentence imposed runs concurrent with the sentence for the possession charge."

The State proceeds to set forth pages of testimony as to both crimes and to argue that:

> "The evidence adduced at trial was sufficient to establish the existence of the conspiracy. In view of the strong and accumulated evidence of guilt, this Court should rule that the admission of th[e] Court file of the co-conspirator had no bearing on the verdict. Therefore, any error must be deemed harmless beyond a reasonable doubt and there is no cause for reversing this conviction."

The argument on its face contradicts the Court of Appeals directive. For us to find the error harmless beyond a reasonable doubt, we must be satisfied upon our own independent review that there was no reasonable possibility that the evidence complained of may have contributed to the rendition of the guilty verdict. *Dorsey v. State,* 276 Md. 638, 659 (1976). When a factfinder is shown that the conspirator, with whom an accused has been charged with having conspired, has pled guilty, there is more than a "reasonable possibility that the evidence . . . may have contributed to the rendition of the guilty verdict." *Id.* at 659. Simply because there was other evidence from which a factfinder *might* have concluded the existence of a conspiracy, if such other evidence was believed, does not automatically render harmless such convincing proof as that improperly admitted here. In

order to find harmless error, the record must reveal that properly admitted evidence was so overwhelming that the prejudicial effect of the erroneously admitted evidence was insignificant by comparison, or was purely cumulative. *Id.* at 649. Neither conclusion could possibly be reached from a review of this record.

Nor can we justify the State's position that the co-conspirator's file had "no impact at all" upon the pos-session-with-intent-to-distribute charge. The conspiracy was, in effect, a plan for the distribution of the marijuana that appellant possessed. When one conspirator is proven to have subjected himself to incarceration by admitting such a conspiracy, it is absurd to reason that such evidence would not affect a factfinder determining the conspiratorial guilt of the other alleged conspirator, or of the underlying crime they conspired to commit. The underlying crime was an "intent and purpose . . . to distribute . . . Marihwana (sic) . . . ." Although appellant admitted possessing marijuana and even having sold it to the undercover Assistant State's Attorney, he denied possessing it with the intent to distrib-ute, explaining the sale to the Assistant State's Attorney being due to the latter's insistence and persistence. Surely we cannot hold, beyond a reasonable doubt, that the admission of the guilty plea of a co-conspirator whose crime was predicated upon a finding of that same "intent" to dis-tribute, did not affect the jury in determining the mens rea. That same reasoning, however, does not apply to simple possession, which appellant himself admitted in open court.

Because we will remand for a new trial we should discuss the other issues presented. Two of these we need but touch upon. Regarding the refusal of the court to grant a change of venue, our review of the record will suffice to assure there was no abuse of discretion by such denial, *Waine v. State,* 37 Md. App. 222, 227-228 (1977). The second issue, raising the question whether a proper foundation was laid before introducing hearsay statements of codefendants, is moot in light of our reversal. We are certain that upon retrial, the court will clarify in the new record any obscurity as to the

requisite foundation for the introduction of such testimony. *See Mason, Taylor and Taylor v. State,* 18 Md. App. 130, 135-137, *cert. denied,* 269 Md. 763, 767, 416 U.S. 907 (1973). Perhaps the prosecution will also more carefully protect the record in the event of need for an appellate review, for it is that record and that record alone which governs us.

The final issue is the primary issue relied upon by appellant. While it troubles us but little, we will discuss it briefly in light of our remand.

Appellant contends that because an Assistant State's Attorney for Carroll County was the undercover operative whose testimony provided most of the evidence for the State, either a special prosecutor should have supplanted the Carroll County State's Attorney's office or the witness should have been disqualified. Appellant relies upon DR 5-101 (B) of the American Bar Association's Code of Professional Responsibility, adopted by Md. Rule 1230, which he quotes in pertinent part as stating that:

> "A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness . . . ."

Inappropriately and incorrectly he cites *Bell v. State* as "18 Md. App. 130, 406 A2d 909" (presumably intending to refer us to 41 Md. App. 89, *aff'd,* 286 Md. 193 (1979)), as amplifying the rule. The case neither amplifies the rule nor provides the slightest support for appellant's argument. The rule is mentioned in a quote from the trial judge but played little or no part in the legal issues decided on appeal. Factually, it was totally inapposite, having no relation whatsoever to the propriety of a prosecutor testifying as a witness.

A short answer to appellant's contention is simply that rules of professional responsibility are intended for the guidance or disciplining of lawyers in representing *their* clients. It does not follow necessarily from a violation of such a rule that a party opposed by a deviating attorney has been

harmed by a disciplinary rule violation. Since the inception of the exclusionary rule as a means of enforcing constitutional rights we have become brainwashed by the exclusion concept. Despite a trend to the contrary, there is no hard bound judicial precedent for dismissing criminal charges whenever a rule deviation occurs.

In this case, however, we will briefly address the propriety of a prosecutorial attorney serving as prosecutorial witness, but it is difficult to respond to a brief such as appellant's where the issues are so cursorily researched and inarticulately espoused. We must assume so much in order to make the arguments sufficiently reasonable to warrant a response.

We assume, for instance, that appellant equates a State's Attorney's staff with the personnel of an ordinary law firm. But crediting him with that assumption damns him with faint praise, for it points up that he is oblivious to the unique constitutional creature "with broad official discretion to institute and prosecute criminal causes", *Brack v. Wells,* 184 Md. 86, 90 (1944), provided each county. The assistant who testified in this case (again we must infer) was an attorney, but he did not participate in that capacity in the prosecution of the case. In light of the broad authority given state's attorneys to assign duties to their deputies and assistants, *State v. Aquilla,* 18 Md. App. 487, 494, *cert. denied,* 269 Md. 755 (1973), whether lawyers or laymen, that constitutional officer cannot be charged with exceeding his authority by having investigators attached to his office. In many instances prosecutors and police necessarily must work closely in the preparation and prosecution of cases. This is particularly necessary now in light of the legislative and judicial protections for an accused which create pitfalls in the path of police.

Nearly 70 years ago the Court of Appeals in *Murphy v. State,* 120 Md. 229 (1913), held that a state's attorney was a competent witness and there was no ground for defendant's objection to testimony by him. Accord, *Johnson v. State,* 23 Md. App. 131, 140 (1974), *aff'd,* 275 Md. 291 (1975). It follows (contrary to appellant's view) that to bar the witness or even

to disqualify the prosecutor, an accused must show some particular prejudice to him. *See Lykins v. State,* 288 Md. 71, 85 (1980). None here is alleged, asserted or even suggested. Were this a case where the witness and the prosecutor were one and the same, or even if the witness actively aided the prosecutor in his advocate's capacity during the trial of the case, opposing counsel for appellant may be handicapped in challenging the credibility of the lawyer when he appears also as an advocate in the case. Where the advocate-witness is himself in the unseemly and ineffective position of arguing his own credibility, the roles are inconsistent. The function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively.

Indeed, from appellant's view, an assistant state's attorney-witness becomes more impeachable for interest when his association becomes known, and for the State he may thus be a less effective witness.[2] The credibility of the witness is certainly subject to attack on the ground that he represents the prosecution, but we are not asked to judge the wisdom of a prosecutor who becomes so directly involved in police procedures, believed by most as better left to experts. We grope in vain (and without guidance from appellant) for even the slightest indicia of prejudice to him, and find none.

Our legal research, however, revealed substantial authority throughout the country relating to prosecuting attorneys who testify. The propriety of it usually depends upon the need and the circumstances vis-à-vis the prejudice it may evoke. Many of these cases are collected in an annotation entitled "Prosecuting Attorney as a Witness in Criminal Cases" found in 54 A.L.R.3d 100. But in all of the collected cases, whether the courts approved or disapproved, the issue was whether the witness-prosecutor could continue to par-

---

**2.** Although a crucial portion of the transcript was missing (*i.e.,* the jury instructions and its verdict as delivered), the docket entries indicate that appellant was acquitted on the count denying that he had distributed marijuana to the undercover Assistant State's Attorney despite that officer's clear testimony and evidence that he had purchased four ounces of marijuana from appellant for $100. The fact was corroborated by appellant's own testimony subject to his explanation that he did not *intend* to sell it and only did so at the persistence and insistence of the incognito officer.

ticipate as an advocate-prosecutor. We have found no case which even suggests harm where the witness-prosecutor does not participate in the case as advocate for the State. Perhaps this might be because one must strain so hard (as we have done) to set forth some semblance of reason to justify the question raised. Perhaps that is why appellant's brief was so brief and why counsel on the brief sent a surrogate to enlighten us orally.

> *Judgments of possession of marijuana affirmed; judgments of conspiracy and possession with intent to distribute, reversed.*
> *Case remanded for retrial.*
> *Costs to be paid by Carroll County.*