# BURL ANDERSON HOWELL *v.* STATE OF MARYLAND

[No. 38, September Term, 1981.]

*Decided April 1, 1982.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Barbara Mello* for appellant.

*Diane G. Goldsmith, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

DAVIDSON, J., delivered the opinion of the Court.

The Constitution of the United States, amendment VI provides in pertinent part:

> "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of Counsel for his defense."

The Constitution of the United States, amendment XIV provides in pertinent part:

> "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law. . . ."

Maryland Rule 746 a provides:

> "Within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the court pursuant to Rule 723, a trial date shall be set which shall be not later than 180 days after the appearance or waiver of counsel or after the appearance of defendant before the court pursuant to Rule 723."

This case involves an accused criminal indigent's right to counsel.

The unadorned facts of this case show that on 21 August 1979, the petitioner, Burl Anderson Howell (accused), was indicted for conspiracy to commit murder and second degree murder. On 23 August 1979, privately retained counsel entered his appearance. After certain preliminary matters were disposed of, a trial date of 20 February 1980 was set.

On 30 January, privately retained counsel moved to strike his appearance because of nonpayment of the remainder of his fee and a potential ethical problem arising from the possibility that he might be required to testify at a suppression hearing and the trial.[1] Although the accused had been advised to waive his right to be tried within 180 days in order to secure adequately prepared counsel, he refused to waive that right. In addition, he stated that he wanted counsel to represent him and requested the appointment of a public defender. The motion to strike was granted without objection by the accused.

On 2 February the Office of the Public Defender found the accused eligible for its services. The Public Defender asserted that he could not adequately prepare by the trial date and refused to represent the accused unless he agreed to a postponement.

At a hearing held on 5 February, the accused was unrepresented by counsel. The trial court advised the accused that the Public Defender refused to represent him because he refused to agree to a postponement. The trial court told the accused that it could not appoint other counsel

---

1. Md. Rules, Appendix F, Code of Professional Responsibility, DR 5-102 (A) provides in pertinent part:

> "If, after undertaking employment in contemplated or pending litigation, a lawyer learns . . . that he . . . ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial . . . except that he may continue the representation and he . . . may testify in the circumstances enumerated in DR 5-101 (B) (1) through (4)."

According to DR 5-101 (B) (4), a lawyer may continue representation of a client and may testify on his behalf

> "[a]s to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case."

because of a lack of funds and that, in any event, counsel other than the Public Defender would similarly be unable to prepare adequately. The trial court then advised the accused that in order to secure adequately prepared counsel, a postponement would be required, that he had good cause for a postponement, and that a postponement would be granted. The accused expressly asserted that he wanted counsel to represent him, that he did not waive his right to counsel, that he wanted to be tried within 180 days, and that he did not waive that right. The trial court, recognizing the possibility of a new trial because of a potential claim of ineffective assistance of counsel or a dismissal because of a potential claim of a violation of the right to be tried within 180 days, repeatedly told the accused that he could not exercise both his right to counsel and his right to be tried within 180 days. Indeed, the trial court adamantly insisted that the accused make a choice between those two rights. Ultimately, the trial court told the accused that it would regard the accused's refusal to agree to a postponement as a knowing and intelligent waiver of the right to counsel. Illustrative is the following colloquy:

> "[THE COURT]: Now, do you want the Public Defender to represent you in this case or, and do you want to have, agree to a postponement beyond 180 days, as set forth in the rule, so you can have an attorney who can be well prepared to represent you, both at the hearing on the motion to suppress and on the trial of this case? I wanna know your answer.
>
> "MR. HOWELL: I would like to have counsel appointed from the Public Defender's Office.
>
> "THE COURT: *Do you want a postponement of this case so you can have that? Let me tell you the alternative. The alternative of this case is, if you don't, and you can have every right to refuse it, but I'm going to determine this as a waiver of your right to counsel in this case, which is a Constitutional right you have.*

*"But I will treat that your conduct in this case and your stubbornness in this case is a waiver, and an intelligent waiver of your — I don't think it's too intelligent, but you are an intelligent person — of a waiver of your right to counsel in a serious case. And if you so waive it you will be tried here and you will represent yourself in this case.*

"Now, you have that decision to make.

. . .

"MR. HOWELL: Well, Your Honor, I'm not waiving my rights to counsel.

"THE COURT: You say you're not. Well then, do you want a postponement in this case?

"MR. HOWELL: And I would like to have counsel appointed from the Public Defender's Office, but I still want to be tried within 180 days.

"THE COURT: All right. Then I will tell you, and that is a rule, if you do not tell me before you walk out of this courtroom and I understand exactly what you want and what you have, but you can't have your cake and eat it in this case. You can either have your trial in 120 days, 180 days or, without counsel, or you can have, wait a little while and have counsel appointed for you who will represent you.

"You make the choice, not me. Just say it, tell it very clearly. You understand what I'm telling you, don't you?

"MR. HOWELL: I, it appears, Your Honor, that you're giving me the choice to either waive my rights to counsel and be tried in 180 days, or not waive my rights to counsel and ask for a postponement. And I don't feel it's a fair question.

"THE COURT: All right. Are you gonna tell me that you want to go forward? What you want is your cake and eat it, too, is the way to say it, isn't it?

"MR HOWELL: What I want, simply, is I would like to have counsel appointed from the Public Defender's Office and I would like to be tried within 180 days.

"THE COURT: Well, it can't be done. . . .

. . .

*You have one alternative, to ask for an extension of time* in which you can be afforded adequate counsel to represent you, *or you can say you don't. If you don't, I treat it as a waiver and you will be tried without counsel, be that right or wrong as far as my rights and your Constitutional rights.*

. . .

"Do you want a postponement of this case so that you can get the Public Defender to represent you, yes or no, or do you want to be tried on, within the 180 days?

"MR HOWELL: I would like a Public Defender appointed to me to be tried within 180 days.

"THE COURT: Well, it can't both — now, I'll tell you that both are not possible. Which do you elect?

"MR. HOWELL: I don't elect one or the other. . . .

. . .

"[THE COURT]: *You said you don't have to take an option. I'm saying you do, because I can't make anybody defend you. If you want to be tried within 180 days, then you'll be tried that, and I find that you have intelligently waived, by your conduct here, waived your right to counsel.*" (Emphasis added.)

At a hearing held on 7 February 1980, the accused was again unrepresented by counsel. The accused indicated that he was having difficulty in preparing his defense. He repeatedly asserted that he wanted counsel and refused to

waive his right to a prompt trial. The trial court refused to appoint counsel because there was insufficient time for adequate preparation and because there were no available funds.

At a hearing held on 14 February 1980, the accused was unrepresented by counsel. After electing a jury trial, the accused again asserted that he wanted counsel and refused to waive his right to a prompt trial. The trial court stated that the accused could not have counsel unless he agreed to a postponement.

At a hearing held on 15 February 1980, on the accused's motion to suppress, the accused again asserted that he wanted counsel and refused to waive his right to a prompt trial. The trial court again stated that the accused could not have counsel unless he agreed to a postponement.

Throughout a four-day jury trial that began on 20 February 1980, the accused was unrepresented by counsel. He repeatedly asserted that he wanted counsel and that he had not waived his right to counsel.

The accused was convicted of both conspiracy to commit murder and second degree murder. At a sentencing hearing, at which he was represented by counsel, the accused was sentenced to concurrent terms.

The accused appealed to the Court of Special Appeals that affirmed the trial court's judgment. *Howell v. State,* 48 Md. App. 89, 425 A.2d 1361 (1981). The accused filed a petition for a writ of certiorari that we granted. We shall reverse the judgment of the Court of Special Appeals.

In *State v. Renshaw,* 276 Md. 259, 264-68, 347 A.2d 219, 224-26 (1975), this Court said:

> "The Sixth Amendment to the United States Constitution provides that '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence.' The Due Process Clause of the Fourteenth Amendment guarantees the same right to the assistance of counsel, including the right to the appointment of coun-

sel in the case of the indigent defendant, in state criminal prosecutions.

. . .

[B]ecause '[e]ssential fairness is lacking if an accused cannot put his case effectively in court,' and because it is unlikely that an accused will be able to present his case effectively without the assistance of counsel, *a conviction cannot be allowed to stand where the accused is not represented at trial by counsel unless it be determined that there was an intelligent and competent waiver by the accused.* To assure protection of so fundamental a right, courts indulge every reasonable presumption against waiver, and do not permit waiver to be presumed from a silent record. *It must appear affirmatively on the record that the accused was offered counsel but intelligently and understandingly rejected the offer.*

. . .

"To be sure, a criminal defendant does have a constitutional right to proceed without counsel if he intelligently and competently waives his right to counsel. But the standard for waiver of the right to counsel remains unchanged. *The record must show that the defendant is competent to waive the right to counsel, and that he knowingly and intelligently has done so* after being made aware of the advantages and disadvantages of self-representation. *Where the accused cannot waive the right to counsel, or has not effectively done so, the court must take steps to insure that the accused is represented by counsel* even if he professes his unwillingness to have a lawyer. So also in a case like the one at bar, where the accused fails to waive his right to counsel by making an unequivocal choice, but merely insists on a different lawyer, effective legal representation must be required by the court." (Emphasis added) (citations omitted) (footnote omitted).

Here the record shows that at all times throughout all stages of this proceeding the accused persistently, repeatedly, and without deviation explicitly asserted that he wanted to be represented by counsel. At no time did he indicate a desire or inclination to waive representation, nor did he express a desire to proceed pro se. Manifestly, there was no express waiver of the right to counsel here.

Under certain circumstances, the assertion of the right to counsel, if part of a strategy for delay, may be conduct that constitutes a waiver. *See, e.g., United States v. Sperling,* 506 F.2d 1323, 1337 n.19 (2d Cir. 1974), *cert. denied,* 420 U.S. 962, 95 S.Ct. 1351 (1975); *United States v. Arlen,* 252 F.2d 491, 496 (2d Cir. 1958). *See also United States v. Poulack,* 556 F.2d 83, 96 (1st Cir. 1977), *cert. denied,* 434 U.S. 986, 98 S.Ct. 613 (1977). No such circumstances were present here. Indeed, at all times throughout these proceedings, the accused insisted that trial not be delayed. The accused's assertion of the right to be tried within 180 days, provided by rule of this Court, cannot be regarded as conduct that constitutes a waiver of the accused's right to counsel. Thus, there was no waiver by conduct of the right to counsel.

Under the circumstances here, there were various alternatives available to the trial court. Privately retained counsel's motion to withdraw on the ground that he might be required to testify on behalf of the accused could have been denied by the trial court. Md. Rule 725 c 3.[2] In addition, the trial court could have appointed other counsel. *Thompson v. State,* 284

---

2. Md. Rule 725 c 3 provides in pertinent part:

"If no other counsel has entered an appearance for the defendant, leave to withdraw may be granted only by order of court. The court may refuse leave to withdraw appearance *if it would unduly delay the trial of the case,* would be prejudicial to any of the parties, or otherwise would not be in the interest of justice." (Emphasis added.)

We note that although DR 5-102 (A) requires counsel to discontinue representation if called as a witness, it expressly authorizes such counsel to continue representation and to testify if refusal to continue representation would "work a substantial hardship on the client because of the distinctive value of the lawyer . . . as counsel in the particular case." DR 5-101 (B) (4). *See* n.1 above.

Md. 113, 127-28, 394 A.2d 1190, 1197 (1978); Md. Code (1957, 1976 Repl. Vol.), Art. 27A, § 6 (f) and § 13.[3] Moreover, either the State or the trial court could have obtained a postponement of trial. *Goins v. State,* 293 Md. 97, 112, 442 A.2d 550, 558 (1982). Thus, both the constitutional right to counsel and the right created by rule, to be tried within 180 days unless good cause for the postponement has been shown, could have been preserved. Instead, as a result of the trial court's preoccupation with a potential claim of "ineffective assistance of counsel," the trial court failed to provide any counsel at all.

Here the accused was unjustifiably denied the constitutional right to counsel.[4] Accordingly, we shall reverse the judgment of the Court of Special Appeals and remand the case for a new trial.

> *Judgment of the Court of Special Appeals reversed.*
> *Case remanded to that Court with directions to reverse the judgment of the Circuit Court for Cecil County and to remand the case to that Court for a new trial.*
> *Costs to be paid by Cecil County.*

---

**3.** Art. 27A, § 6 (f) provides in pertinent part:

"Nothing in this article shall be construed to deprive any court mentioned in § 4 (b) (2) of this article of its authority to appoint an attorney to represent an indigent person ... where the Office of the Public Defender declines to provide representation to an indigent person entitled to representation under this article."

Art. 27A, § 13 provides:

"Funds for carrying out the provisions of this article shall be as provided in the State budget from time to time."

We note that we need not here consider whether, had counsel been provided, a claim of ineffective assistance of counsel, premised on lack of adequate preparation, would be deemed to be waived.

**4.** In view of our decision, we need not consider either the petitioner's contention that the trial court violated Md. Rule 723 c or any of the petitioner's other contentions.