489 A.2d 55

**Burl Anderson HOWELL**

v.

**STATE of Maryland.**

**No. 877, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

March 13, 1985.

280

Gary S. Offutt, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on the brief), for appellant.

Diane G. Goldsmith, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, John L. Scarborough, State's Atty. for Cecil County and Thomas Kemp, Asst. State's Atty., for Cecil County, Elkton, on the brief), for appellee.

Argued before WEANT, GARRITY and GETTY, JJ.

GETTY, Judge.

Burl Anderson Howell, appellant, alleges sixteen reasons why his conviction by a jury in the Circuit Court for Cecil County, for the crime of being an accessory after the fact to second degree murder, should be reversed. Appellant seeks his release without retrial, understandably, since the present appeal marks the fourth time that this case has been before an appellate tribunal. We shall briefly review the relevant facts, the prior reversals and the issues raised herein.

Oddly, the prior appellate decisions do not set forth the rather bizarre factual background giving rise to the several appeals. The body of Burl Howell, Jr., appellant's father, was discovered by a state police investigator, Arthur Lincoln, at the deceased's home in Cecil County on January 17, 1979. The body was found in a bed and death resulted from multiple stab wounds to the victim's throat, abdomen and hands. A file cabinet in the living room and a chest of drawers in the bedroom had been ransacked. Lincoln also recovered from the floor of the bedroom a pistol with one spent shell; the expended bullet was recovered from a closet in the same room.

David Gibson Linkey, Jr., upon an agreed statement of facts, entered a plea of guilty to murder in the second degree of the decedent Howell. In a statement given to Corporal Robert G. Ellis on March 8, 1979, appellant said he

drove Linkey to the Howell home on January 16th, the night of the crime, and he remained in the yard working on his car while Linkey went into the house. Fifteen minutes later, according to appellant, Linkey returned stating that he "had some stuff to get rid of."

Appellant later advised Sheriff John F. DeWitt that he drove Linkey to a wharf and observed him remove a vest and throw it and another unidentified object into the water. In a second discussion with DeWitt, allegedly initiated by appellant, DeWitt learned that Linkey resented the fact that his girl friend was living with appellant's father and on an unknown date prior to the murder appellant and Linkey discussed "hitting on the old man." Presumably, appellant would receive his father's property and Linkey would avenge the loss of his girl friend.

### The Trials

Appellant was convicted of second degree murder and conspiracy to murder by a Cecil County jury. He was sentenced to concurrent terms of imprisonment of twenty-five years for second degree murder (ten years suspended with five years probation) and ten years for conspiracy to commit murder. Appellant's privately retained counsel advised the court of a conflict of interest that mandated his withdrawal as counsel in order that he could testify as a witness in a pending suppression hearing. Although painstakingly advised by the court that he should consent to a postponement beyond 180 days in order for the public defender to prepare his case, appellant demanded both counsel and his trial within the 180 day mandate of Rule 746 which was then effective. As a result, he was tried within the 180 days, but without counsel. We affirmed,[1] holding that appellant's dilemma was knowingly self-imposed.

---

1. *Howell v. State,* 48 Md.App. 89, 425 A.2d 1361 (1981).

The Court of Appeals reversed,[2] holding that the accused was denied his constitutional right to counsel. The stage was then set for a second trial which resulted in a conviction of accessory after the fact to murder. Appellant's original sentence was reimposed spawning his second appeal.

Relying upon *Cooper v. State*, 44 Md.App. 59, 407 A.2d 756 (1979), we said, in reviewing appellant's second conviction, that an essential element of the crime of accessory after the fact was a showing by the State of "[a] completed felony ... committed by another prior to the accessoryship."[3] Linkey, who had already entered a plea of guilty to murder in the second degree, testified for, and to the consternation of, the State. On cross-examination, Linkey stated that he killed Howell in self-defense.

The trial court, despite Linkey's testimony, no matter how incredible it may have been perceived, refused appellant's requested instruction that if Linkey killed in self-defense appellant was not guilty of any crime. Appellant was convicted of being an accessory after the fact. He received the identical sentence imposed at his third trial. We reversed, holding that a *prima facie* case of self-defense was generated and the appellant entitled to a jury instruction on this issue.[4]

Appellant returned to court for his third time at bat on the accessory after the fact charge. He was convicted and for the third time received the same sentence imposed in his two prior trials. This time he has expanded his issues to

---

**2.** *Howell v. State*, 293 Md. 232, 443 A.2d 103 (1982).

**3.** We note that the Court of Appeals in *Lewis v. State*, 285 Md. 705, 404 A.2d 1073 (1975) abrogated the common law rule that an accessory could not be tried until the principal was tried, convicted and sentenced. That change, however, does not relieve the State from establishing in the trial of an accessory that a completed felony was committed, whether the accessory's trial precedes or follows that of the principal.

**4.** *Howell v. State*, 56 Md.App. 675, 468 A.2d 688 (1983).

sixteen. A number of the alleged issues are merely argument without any supporting authority. We, therefore, shall address the substantive issues, numbers 1, 3 and 4, which are:

1. Insufficient evidence was presented to convict appellant of accessory after the fact to second degree murder.

3. The State should have been barred from retrying appellant because it procured David Linkey's conviction for perjury.

4. Admission of evidence of Linkey's conviction for second degree murder and the agreed statement of facts upon which this conviction was based was improper.

Before addressing the issues, we point out the twists the case has taken since the second trial. Aggrieved by Linkey's protestations of self-defense in case two, the State charged and convicted Linkey of perjury. Under Cts. & Jud.Prod. Article Sec. 9–104, therefore, he was unavailable to the State in trial number three due to his perjury conviction.

In order to establish a completed felony in the case *sub judice*, the State, over objection, introduced the indictment, docket entries and the agreed statement of facts upon which Linkey's murder conviction was predicated. We hold that the admission of this evidence was reversible error.

As Chief Judge Gilbert pointed out in *Cooper, supra,* there are four necessary ingredients to constitute the crime of accessory after the fact:

"1) A completed felony must have been completed by another prior to the accessoryship.

2) The accessory must not be a principal in the commission of the felony;

3) The accessory must have knowledge of the felony; and

4) The accessory must act personally to aid or assist the felon to avoid detection or apprehension for the crime or crimes.

R.M. Perkins, *Criminal Law* 667 (2d ed. 1969); *accord,* Clark & Marshall, *A Treatise on the Law of Crimes* § 8.06 (M.F. Wingersky, 6th ed. 1958); 22 C.J.S., *Criminal Law* §§ 95–99 (1961); H. Ginsberg & I. Ginsberg, *Criminal Law and Procedure in Maryland* 13–14 (1940); 1 Hale, *Historia Placitorum Coronae,* (The History of the Pleas of the Crown) 618–622 (1st Am. ed. 1847); 1 Wharton's *Criminal Law* § 33 (C.E. Torcia, 14th ed. (1978).''

■ Admittedly, the State must show that a completed felony was committed by another. It is not necessary, however, to obtain a judgment of conviction against the actual perpetrator to establish the completed felony. This is so because since *Lewis, supra,* an accessory may be tried notwithstanding that the case against the principal has not been and conceivably may never be prosecuted. It is the establishing of a completed felony by another that the State must show, not a conviction of the principal.

■ If we accept the State's argument that a judgment of conviction of the principal is admissible, and we expressly do not accept that premise, the only thing that would be established is prima facie evidence of the guilt of the principal. A conviction, moreover, does not necessarily establish the truth regarding the underlying felony. A plea bargaining principal may agree to certain facts in order to escape conviction of a more onerous crime.[5] The accessory, moreover, is entitled to contest a conviction and introduce testimony to show the perpetrator is innocent despite his conviction. *See* Perkins, *Criminal Law,* 1st ed., at 591;

─────────

5. In *Linkey v. State,* 46 Md.App. 312, 416 A.2d 286 (1980), we said "[w]e are not blind to the natural incentive of an accused ... to consent by one means or another to a verdict of guilty on a lesser charge."

*Commonwealth v. DiStasio,* 11 N.E.2d 799 (Mass.1937); *Aston v. State,* 136 Tex.Cr.R. 12, 122 S.W.2d 1073 (1939).

■ The State had already established the "completed felony" through the testimony of the investigating officer that he discovered the body and observed multiple stab wounds. The admissions by appellant that he and Linkey discussed "hitting on the old man" and that appellant drove Linkey to the deceased's home on the night of the murder satisfied the State's burden of proving the completed felony "by another."

■ The second element in establishing whether one is an accessory after the fact requires a finding that he is not a principal in the commission of the felony. We need not discuss principal in the first degree because Linkey, not appellant, was the actual perpetrator of the crime. A principal in the second degree must be present, actually or constructively, at the scene of the crime.

"A person is held to be constructively present at the scene of the commission of the crime if he is acting in concert with the actual perpetrator of the crime by aiding, abetting, or assisting the perpetrator by positioning himself or herself in such a way as to be able to give aid or assistance to the perpetrator or by acting as a lookout for the perpetrator."

R. Gilbert and C. Moylan, *Maryland Criminal Law: Practice and Procedure,* Sec. 21.3–1; *McBryde v. State,* 30 Md.App. 357, 352 A.2d 324 (1976).

■ Appellant herein was neither actually nor constructively present at the scene. Nothing in the evidence shows that he was rendering any assistance to Linkey while the crime was being committed. Appellant was not acting in concert with Linkey by working on his car while Linkey entered the house. He was not a lookout or positioned to be of assistance to the perpetrator if needed. The mere fact that he stood by even though he may have been aware that a crime was being committed is not sufficient to make

him a principal in the second degree. *See Pope v. State*, 284 Md. 309, 396 A.2d 1054 (1979).

Appellant's knowledge of the felony, the third element, is established by his admission of prior discussions of ways to get rid of his father, together with Linkey's immediate request upon leaving the house to assist him in getting rid of "some things" which turned out to be a vest Linkey was wearing and another unidentified object. The fourth requirement was met when appellant drove Linkey from the area enabling him to dispose of certain property and then leave the area. Appellant was an accessory after the fact; not a principal.

Conceding that it was error to admit the indictment and docket entries,[6] the State contends that the error was harmless in light of the State's perception that the agreed statement of facts in Linkey's trial was admissible in the case *sub judice*. We disagree. The State seizes upon a statement by Judge Moylan in the second trial where he stated:

> "The putative principal in the first degree for the homicide in question was State's witness David Linkey. Linkey, to be sure, had on an earlier occasion entered a plea of guilty to murder in the second degree. The docket entry, however, is not dispositive for purposes of the present case; *absent an agreed statement of fact*, the State has the affirmative burden of showing the underlying crime." (Emphasis supplied.)

Judge Moylan was clearly referring to an agreed statement of facts between the State and the accessory being sufficient to relieve the State of its burden to establish the underlying felony. We find no support in Judge Moylan's comment for the State's assertion that the agreed statement of facts in Linkey's case is admissible in the later trial of the accessory. A careful reading of Judge Moylan's

---

6. *See Boone v. State*, 3 Md.App. 11, 237 A.2d 787 (1968), *cert. denied*, 393 U.S. 872, 89 S.Ct. 161, 21 L.Ed.2d 141 (1968); *Carr v. State*, 50 Md.App. 209, 437 A.2d 238 (1981).

discussion indicates it is completely at odds with the State's argument.

We think the admission of the prior agreed statement of facts, the indictment and docket entries in Linkey's case was prejudicial error. As to appellant, the evidence was hearsay and deprived him of his right of cross-examination. We do not know what impact the introduction of Linkey's conviction may have created in the minds of the jurors. We cannot conclude beyond a reasonable doubt, however, that the error was harmless. *Dorsey v. State*, 276 Md. 638, 350 A.2d 665 (1976). The State may well have been justified in prosecuting Linkey for perjury. As a result, however, it painted itself into a corner as to appellant. Linkey is no longer a competent witness due to his perjury conviction. The State would have us sanction its use of a statement of facts that Linkey has either repudiated or controverted and, at the same time, deny appellant an opportunity to present the discrepancy in Linkey's testimony to the jury for its consideration. We reject the temptation. Where a witness is unavailable by procurement of the party offering the hearsay statement, the requirement (unavailability) ought not to be regarded as satisfied. McCormick, *Evidence*, 2d ed., Sec. 253; *Motes v. United States*, 178 U.S. 458, 20 S.Ct. 993, 44 L.Ed. 1150 (1900).

The State insists that appellant, despite Linkey's perjury conviction, should have called him as a witness and asserted that appellant's Sixth Amendment right to compulsory process was superior to the statutory prohibition set forth in Sec. 9–104. We agree that appellant could have made such an attempt; we offer no opinion on what the court's ruling may have been on that issue. The failure to attempt to call Linkey, a move that would undoubtedly have been resisted by the State, does not negate the errors of commission chargeable to the prosecution. The authority for the State's suggestion, *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), is not directly on point. In *Wasgington*, the Supreme Court held that a Texas

statute that precluded codefendants from testifying on behalf of each other violated an accused's Sixth Amendment right to present a full defense.[7]  A convicted perjurer may very well not be accorded the same treatment as a willing witness with no such taint.

We decline to rest our decision on insufficient evidence as urged by appellant.  Whether the State can present a case not flawed by the errors present in three attempts is the State's responsibility to determine, not this Court's.

The only remaining issue we feel constrained to address is former jeopardy.  The trial judge instructed the jury in the first trial that if appellant was found guilty of second degree murder and conspiracy, the remaining counts (accessory before the fact, solicitation and accessory after the fact) merged.[8]  *Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), states that silence is tantamount to an acquittal when the jury:

> "[w]as given a full opportunity to return a verdict on the charge, that nothing prevented the jury from rendering a verdict, and that the jury chose not to find the defendant guilty."

In the case *sub judice,* the jury was instructed not to return a verdict if appellant was found guilty of the greater offenses.  Not having considered the remaining charges, the rationale of *Green, supra,* is inapplicable.  Thus, former jeopardy does not apply.  *See State v. Moulden,* 292 Md. 666, 441 A.2d 699 (1982).

JUDGMENT REVERSED.  REMANDED TO THE CIRCUIT COURT FOR CECIL COUNTY FOR NEW TRIAL.

COSTS TO BE PAID BY CECIL COUNTY.

---

**7.** Under the statute, codefendants were permitted to testify for the State.

**8.** This was a misstatement of the law that was corrected in the recorded verdict and sentence.